[Malone v. Handley, Reeves & Co.]

# Malone *v*. Handley, Reeves & Co.

*Action on Attachment Bond.*

1.  *Attachment on ground that debtor is " secreting himself, so that the ordinary process of law can not be served on him."*—Under the statute which authorizes an attachment " when the defendant secretes himself, so that the ordinary process of law can not be served on him." (Code, § 3253, subd. 3), an attachment may be sued out against a debtor who is secreting himself to avoid arrest under a warrant for a criminal offense.

APPEAL from City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

The material facts in the view of the case taken by this court, are stated in the opinion. The court, at the request, in writing, of Handley, Reeves & Co., the defendants, charged the jury, that if they believed the evidence, they must find for the defendants, and plaintiff excepted. The plaintiff, Malone, then requested, in writing, the following, among other charges : " If the jury find from the evidence, that the authorized agent of the defendants, who sued out the writ of attachment, or defendants' attorney, James Weatherly, had knowledge or information before suing out the attachment such as would be believed by a reasonable man, that defendant in attachment, Malone, was secreting himself, solely for the purpose of avoiding arrest under criminal process and not to avoid civil process at the instance of creditors, and that said Malone was at the time arranging to give himself up to arrest under said criminal process, then said attachment would not be authorized." The court refused to give this charge and appellant excepted.

LANE, TALLIAFERRO & TABOR, for appellant.—In the case of *Fitch v. Waite*, reported in 5th vol. of Conn. Reports, p. 117, Hasmer, C. J., delivering the opinion, uses the following language : " Who is an absent and absconding debtor ? He who lives without the State, or he who has intentionally concealed himself from his creditors or withdrawn himself from the reach of their suits with intent to frustrate their just demands. Thus, if a person depart from his usual residence or remain absent therefrom, or conceal himself in his house so that he can not be served with process, with intent unlawfully to delay or defraud his creditors, he

[Malone v. Handley, Reeves & Co.]

is an absconding debtor ; but if he depart from the State or his usual place of abode with intention of returning again or without any fraudulent design, he has not absconded or absented himself within the intendment of the law." The words abscond or secrete are synonymous in their meaning. See § 54, p. 54, sixth Edition of Drake on Attachment. The words, absconds or secretes so that the ordiniary process of law can not be served, involve in their meaning and legal signification, as applied to the attachment law, an intent upon the part of the debtor to defraud or delay his creditors by withdrawing himself from his usual place of abode or secreting himself therein, so that the ordinary process of law can not be served upon him.—See §§ 48, 49, 50, 51, Drake on Attachment. In the case of *Dunn & Co. v. Salter*, reported in 1st vol. Duval, Ky. Reports, pp. 345, the court, Peters, Judge, delivering the opinion, uses the following apt language : "The concealment which will authorize or sustain an attachment involves an intention on the part of the debtor to delay or prevent his creditors from enforcing their demands in the ordinary modes prescribed by law, by avoiding the service of their summons, which he may accomplish by secreting himself in his own house or upon his premises, or by departing secretly from his place of abode to a more secure spot, either in or out of the county, where he can more certainly effectuate his purpose." In the case of *Burnet v. Avent*, reported in vol. 2, Sneed's Tenn. Reports, p. 152, the court uses the following language : "To abscond in a legal sense, means to hide, conceal or absent one's self clandestinely, with the intent to avoid legal process," meaning, of course, process sued out by his creditors, and not a criminal warrant.—See § 56, p. 59, Drake on Attachment, where the author uses the following language : "Concealment to authorize an attachment must be with the intent to hinder or delay the claims of his creditors, by avoiding service of process, therefore, where one conceals himself for the purpose of avoiding criminal prosecution, is not within the purview of the law."

WEATHERLY & PUTMAN, *contra*.

STONE, C. J.—The present is a suit by Malone to recover damages of defendants for wrongfully and vexatiously suing out an attachment which was levied on plaintiff's goods and effects.

Malone was a retail merchant, and had purchased goods from Handley, Reeves & Co., amounting to near eight hundred dollars, which was unpaid. About three-fourths of

[Malone v. Handley, Reeves & Co.]

this indebtedness was past due. On Monday, May 4, 1885, Malone became intoxicated, got into a difficulty with several persons, in which a knife was used, and they suing out warrants for his arrest, he left his business and his home. The officers of the law made diligent search for him at his home and through the neighborhood, placed a guard about his premises, but failed to arrest or find him. On Thursday, May 7, Handley, Reeves & Co., through their agent, sued out attachment against him, alleging in their affidavit as the ground, " that the said La Fayette Malone is now secreting himself so that the ordinary process of law can not be served on him." The attachment was levied on the day it was issued. After the attachment was levied Malone returned to his home on the evening of the 7th, and submitted to arrest under the warrants. The question presented is, do these facts make a case for attachment under the statutes of this State. The affidavit for attachment conforms substantially to statutory requirements.

There is a marked difference in the language of the statutes of the different States. Many of them require not only the secretion or concealment, but the secretion must be with the intent to avoid the service of process in the particular case, or class of cases. Under such statutory requirements, to abscond or secrete one's self to escape criminal arrest, furnishes no ground for attachment in a civil suit ; for the *intent* to evade service under civil process is wanting.—*Evans v. Saul*, 8 Martin La., N. S. 247 ; *Lynde v. Montgomery*, 15 Wend. 461 ; *Fitch v. Waite*, 5 Conn. 117 ; Drake on Att. §§ 48, 51 ; 1 Waite Ac. & Def. 416-7 ; *North v. McDonald,* 1 Biss. 57 ; *U. S. v. O'Brian*, 3 Dill. 381.

The provision of the statute under which the attachment in this case was issued, contains no word or phrase which indicates that the act of secretion or concealment shall be influenced by the motive or intent to avoid service of process. " Secretes himself so that the ordinary process of law can not be served on him," is the language of our statute. That is, the secretion must be such, or so complete, as that process can not be served on him. Not being able to serve him personally, the law has furnished the creditor with another means of perfecting service ; namely, by attachment of his goods. And this rule applies equally to the second and third grounds for attachment ; for if the debtor absconds, he places it as effectually out of the power of his creditor to serve him with process, as if he secreted himself, or resided without the State. And fraudulent or other intent is not made one of the conditions on which this statutory remedy can be resorted to. The defense comes

fully up to the letter of the statute, and we do not feel at liberty to travel beyond that, in search of a supposed spirit. And if we did, we are not aware it would help appellant. Inability to effect service of ordinary process in the ordinary way, was the evil or inconvenience the statute was designed to remedy. It is the fact of absconding or secreting one's self—not the purpose of it—which interposes the obstacle. To hold otherwise, would be to declare that no matter how long the absence or secretion might continue, the creditor would be without remedy, unless the debtor had absconded or secreted himself with the intent to avoid the service of civil process. The legislature having omitted all mention of intent, we find no authority, either in the language of the statute, or in the nature of the question, to supply so important an omission.

The charges of the City Court are in accordance with our views, and the judgment must be affirmed.