The Chief Justice
delivered the opinion of the court:
The declaration in each of these cases shows the action to be on the common counts.
The particulars of demand attached to each of the declarations are verified under the 73d rule. Proceedings were commenced in each of the cases for the issuing of a writ of attachment, affidavits by the plaintiffs or their agents, with supporting affidavits in each instance having been filed. The defendant in each of the cases filed a motion to quash the proceedings in attachment upon the ground of the insufficiency of the affidavits.
The question involved here is not a new one. It was decided by this court more than twelve years ago in the case *568 of Newman vs. Hexter, McA. & M., p. 88. Mr. Justice Cox delivered the opinion of the court and the matters contained in both the principal and the supporting affidavits in that case were substantially the same as in cases at bar. There was a failure to set forth in the principal affidavit distinctly the grounds of the action. The statement was that the plaintiff was justly entitled to recover the sum named in the declaration, except in one of the cases, the statement was a little more distinct but not sufficiently so to comply with the law as it was held to be in that case. We find the same condition of things in these cases; a simple general statement in the affidavit of the plaintiff or his agent that he is justly entitled to recover a certain sum. There is no distinct statement of the cause of action nor of the real facts upon which the action is based. There is very little that is distinct in the way of testimony in relation to the grounds for the attachment. There is an indefinite statement that the defendant in in each case has removed some property at some time previous to the filing of the affidavit from the jurisdiction of this court for the purpose of having it sold at auction. That is so indefinite as to time, as to quantity and as to the surrounding circumstances as to make it, in the way of testimony, of . scarcely any value whatever. So far as the supporting affidavits are concerned, there is nothing in the way of testimony in any of them to support the facts constituting the cause of action of plaintiffs, and the statements of the grounds for the attachments are not the same as the statements in the principal affidavit in each case.
The arguments addressed to us in support of this motion are arguments arraigning the decision of this court in Newman vs. Hexter.
If this were an original question, and if the practice of the court had not been regarded as settled, as we understand it has been since the decision in Newman vs. Hexter, we should have regarded the argument of counsel for the plaintiffs as entitled to serious consideration; but we regard it as our duty under the circumstances, the question having been decided - and maintained for more than twelve years as the law of this *569 court, without any question, so far as we can ascertain, up to this time, to follow Newman vs. Hexter,
We may add that in a case decided in March, 1891, by the General Term, Hoover et al. vs. Hathaway, Soule & Harrington (reported post p. 591) the ruling of the court in Newman vs. Hexter was foll owed. The General Term has consistently followed this ruling since 1879.
Mr. Justice Bradley;
It seems to me that the principle has been so long absolutely settled by Newman vs. Hexter, that the construction of the statute by the court on that occasion has become the equivalent of a legislative declaration, and that it can not be changed unless it be an act of Congress.