## WILKINS & CO., a Corporation,

*v.*

## HILLMAN.

---

PRACTICE; APPEALS IN ATTACHMENT SUITS; BILLS OF EXCEP-
TIONS; EVADING SERVICE OF PROCESS.

1. When it is sought to obtain a review by this court of an order grant-
   ing or overruling a motion to quash an attachment based upon
   oral testimony taken before the trial court in chambers, excep-
   tions should be taken to the rulings of that court upon the ad-
   mission and rejection of testimony, and to its final ruling, and
   reduced to the form of a bill of exceptions.

2. But under the special circumstances surrounding such a case, where
   no exceptions were taken, but the trial court certified to the ac-
   curacy of a transcript of all the testimony taken before him, and
   the appellee conceded that the transcript contained the sub-
   stance of all of the testimony upon which an order quashing an
   attachment was made, an appeal was entertained.

3. Where a debtor having mercantile obligations about to mature,
   leaves the city, taking with him all the cash in his place of busi-
   ness, and leaving no information as to where he is going or
   when he will return, a creditor after making unsuccessful in-
   quiry of his employees as to his whereabouts, is justified in as-
   suming that he has left the jurisdiction for the purpose of evad-
   ing the service of process within the meaning of the attachment
   laws; and a writ of attachment on that ground will lie.

No. 562.   Submitted April 8, 1896.   Decided May 5, 1896.

HEARING on an appeal from an order quashing a writ of attachment. *Reversed.*

The COURT in its opinion stated the case as follows :

This is an appeal from an order of the Supreme Court of the District of Columbia quashing a writ of attachment that had been issued at the suit of the appellant, Wilkins and Company, against the appellee, Joel Hillman, by way of *mesne* process. The ground alleged for the issue of the writ was that the appellee had gone out of the District of Columbia for the purpose of evading the service of ordinary process upon him ; and the court below seems to have found from the testimony that he had not gone out of the jurisdiction for any such purpose, and accordingly quashed the writ.

The appellee Hillman had become indebted to the appellant Wilkins and Company, which is alleged to be a body corporate under the laws of the District of Columbia, and not a partnership, as the name might indicate, upon a promissory note for the sum of $2,197.27, dated December 17, 1895, and payable in thirty days thereafter, with interest, which was not paid at maturity and yet remains unpaid. On the morning of Sunday, January, 19, 1896, the day before the maturity of the note, allowing for days of grace, the appellee left Washington and went to New York, without having made any provision to meet the note in question or any of several other·obligations, then also due or shortly to become due, and aggregating upwards of four thousand dollars, and taking with him all the available money from his place of business. The persons composing the company appellant and other creditors made fruitless inquiry for him at his place of business, and of his employees and relatives ; but all of these, according to the testimony of witnesses for the appellant, professed ignorance of his whereabouts, and evinced great solicitude in regard to his absence. Having waited three days in vain

for his return, the appellant, on Thursday, January 23, 1896, instituted suit upon the note, suing out at the same time a writ of attachment or garnishment under the statute authorizing the same (Rev. Stat. of the U. S. for D. C., Sec. 783), upon the ground that he had absconded from the District. The other creditors immediately followed with other similar suits, and similar writs of attachment, and all these suits are now pending.

On the next day, Friday, January 24, 1896, the appellee returned to Washington in response to a telegram from his father-in-law, informing him that his place of business was in the hands of the marshal; and five days afterwards, on January 29, 1896, he executed a general assignment for the benefit of his creditors, in which he stated his assets to be of the value of $10,000, and his liabilities about $25,000, of which by far the largest part was set down as due to his wife and father-in-law. The marshal's appraisement of the property seized by him under the writ of attachment, which seems to have been the appellee's only tangible property, shows it to have been worth $3,882.39, instead of $10,000, and to be insufficient to pay the amounts for which levies had been made on behalf of the attaching creditors.

In the meantime, before his assignment, the appellee had moved, on January 25, 1896, to quash the writ of attachment in this case, on the ground of the alleged insufficiency of the appellant's affidavit upon which the writ had been issued, and on the ground also, as he alleged, that he had not gone out of the jurisdiction to evade the service of ordinary process. Testimony of witnesses, both in support of this motion and against it, was taken orally at chambers before one of the justices of the Supreme Court of the District, directed almost entirely to the question of the appellee's purpose in going out of the District on Sunday, January 19, 1896; and upon that testimony the appellee's motion was allowed, and the writ of attachment was quashed. From the order of the justice quashing the writ the present appeal has been prosecuted.

The order was made on February 11, 1896; the appeal therefrom taken on February 13, 1896, and the citation served on February 15, 1896. But not until March 18, 1896, or upwards of a month afterwards, was the testimony, upon which the order was based, reduced to writing, and certified by the justice before whom it had been adduced. The justice, however, certifies that the testimony as contained in the transcript of the record before us is the substance of all the testimony that was adduced before him, and that he so certified it, at the instance of the counsel for the appellant, for the purpose of this appeal. And the fact is conceded by the counsel for the appellee that the transcript contains the substance of all the testimony upon which the order quashing the attachment was made; and upon that understanding the cause was argued before us.

The appellee, however, filed a motion to dismiss the appeal on the ground that the record contains no bill of exceptions, and does not show that any exception was taken at the hearing to the ruling of the court upon the testimony. And this motion was argued before us with the merits of the case.

*Mr. Henry E. Davis, Mr. Samuel R. Church* and *Mr. Francis H. Stevens* for the appellant:

This case comes into this court upon a certificate of the trial justice. The testimony was taken by a stenographer, type-written, and certified to be correct. Where extrinsic evidence is introduced at the trial, the facts must be properly presented in some authenticated form. *Dumay* v. *Sanchez,* 71 Md. 508. When the motion rests on questions of fact, the evidence ought to be certified in such manner as will show the appellate court with certainty what proofs were submitted to the court below. *Coulbourn* v. *Fleming,* 78 Md. 214, and cases cited. It seems a bill of exceptions would not have been proper. *Weems* v. *George,* 13 How. 190; *Craig* v. *State of Mo.* 4 Pet. 427; *Field* v. *United*

*States,* 9 Pet. 202 ; *United States* v. *King,* 7 How. 853, 854.

The act of March 3, 1865, provides only for exceptions to erroneous rulings in the progress of the trial. *Norris* v. *Jackson,* 9 Wall. 125. If a bill of exceptions be deemed the proper practice, the record should be regarded as such a bill. *Parsons* v. *Armor,* 3 Pet. 413 ; *Herbert* v. *Butler,* 97 U. S. 319.

*Mr. Andrew B. Duvall,* for the appellee :

1. The appeal should be dismissed, because there is no exception or other objection which authorizes this court to review the judgment quashing the writ. *Suydam* v. *Williamson,* 20 How. 433 ; *Railroad* v. *Trustees,* 91 U. S. 130 ; *Redfield* v. *Iron Co.,* 110 U. S. 174 ; *Lehnen* v. *Dickson,* 148 U. S. 71 ; *Lyon* v. *Ford,* 7 App. D. C. 314.

In this jurisdiction, however it may be elsewhere, neither statute nor practice provides for the review of a judgment or order by means of a " statement of the case." Where a statute provides for a " case," the appellate court cannot review the facts ; the appellant must have excepted to the rulings on points of law, or to the rendition of the judgment upon the finding of facts. *Western* v. *Crocker,* 47 Mich. 642 ; *Chatterton* v. *Parrot,* 46 Mich. 432. Nor can it weigh evidence determining facts or review the findings of the court below upon questions of fact. *Walrath* v. *Campbell,* 28 Mich. 123. Only where there is a total want of evidence or where the finding is contrary to the undisputed evidence can the appellate court overthrow the facts found by the court below. *Gragin* v. *Gardner,* 64 Mich. 399 ; *Tuxbury* v. *French,* 39 Mich. 190. A case or statement on appeal must contain the exceptions taken by the appellant: *Hunt* v. *Bloomer,* 13 N. Y. 341 ; *French* v. *Powers,* 80 N. Y. 146 ; *Haggin* v. *Clark,* 28 Cal. 162.

2. An attachment is never justifiable upon the mere casual and temporary absence of a debtor. *Pitts.* v. *Burroughs,* 6 Ala. 733 ; *Mandell* v. *Teet,* 18 Ark. 236 ; *Fuller* v. *Bryan,* 20 Pa. St. 147 ; *Taylor* v. *Hull,* 56 Hun, 90, and *Kellar* v.

*Karr,* 40 Minn. 428. It must be an absence of such a character that the ordinary process of law cannot be served on the debtor. *Clark* v. *Pratt,* 19 La. Ann. 102 ; *Matter of Thompson,* 1 Wend. 43 ; *Fuller* v. *Bryan,* 20 Pa. St. 144. And it has been held that where the absence is such that if a summons issued upon the day the attachment was sued out will be served upon the defendant in sufficient time before the return day to give the plaintiff all the rights which he can have at the return term, the defendant has not so absented himself as that the ordinary process of law cannot be served upon him. *Ellington* v. *Moore,* 17 Mo. 424 ; *Kingsland* v. *Worsham,* 15 Mo. 657, and *Fitch* v. *Waite,* 5 Conn. 117.

If a debtor depart from the State, or from his usual abode, with the intention of again returning, and without fraudulent design, he has not absconded within the intendment of the law. *Fitch* v. *Waite,* 5 Conn. 117 ; *Oliver* v. *Wilson,* 29 Ga. 642 ; *House* v. *Hamilton,* 43 Ill. 185 ; *Boardman* v. *Bickford,* 2 Aik. (Vt.) 345.; *Stafford* v. *Mills,* (N. Y. Sup.), 31 A. 1023 ; *Head* v. *Wallner,* 53 Hun, 625 ; *Thoms* v. *Dickinson,* 58 Hun, 603 ; *Reynolds* v. *Horton,* 67 Hun, 122 ; and, particularly, *Robson* v. *Hunter,* 12 S. W. Rep. 466.

It was not necessary for the appellee to show that he communicated to appellant his intention to visit New York. *Walcott* v. *Hendricks,* 6 Texas, 406.

The proceeding is based on a *quasi* criminal charge—it operates to confiscate the defendant's property, to give a preference to the creditor, and to defeat the policy of the law which appropriates his property to the equal benefit of all his creditors. The testimony is to be examined in this light. The proof must be convincing and unequivocal. In this case it utterly fails to establish the charge.

Mr. Justice MORRIS delivered the opinion of the Court :

Undoubtedly the proper mode for bringing up a case of this kind for review is by bill of exceptions. The law provides for appeals from orders of the Supreme Court of the

District of Columbia quashing writs of attachment; and inasmuch as those orders are usually rendered, in pursuance of the statute, upon testimony taken orally and at chambers before one of the justices of the court below, and as it would seem to be the purpose of the act of Congress authorizing the appeal that this court should review the order both upon the law and upon the facts, it is necessary, in the absence of any finding of facts by the trial justice, that the testimony should be reproduced in such form as that we might determine from it whether the trial justice was justified in the order rendered by him. The question to be determined in cases like the present is usually a single issue of fact. But when it is desired to have the adjudication of the trial justice on that question reviewed in this court, it is proper that it should be brought before us in the mode usual in the trial of causes at the common law by requests for rulings upon the testimony presented to the trial justice upon the conclusion of that testimony, exception then and there taken to his ruling, and such exception in due time thereafter fashioned into a formal bill of exceptions purporting to have been taken at the time of the trial, as in other cases. And this mode of procedure we will be disposed to insist upon hereafter.

But in view of the fact that there is a virtual agreement between counsel as to the testimony that was adduced in this case, and the ruling of the trial justice thereon, and that the trial justice has so authenticated the proceedings before him; and in view also of the fact that, at or about the time of the trial of this case by the trial justice below, the appellant applied to this court for the formulation of a special rule to direct the course of procedure in such cases, which rule we then declined to make, we deem it due to the cause of justice to hold, that the statement here of the trial justice certifying to the proceedings that were had before him and by him, which, under other circumstances, as was said by the Supreme Court of the United States, in the case of *Suydam* v. *Williamson*, 20 How. 433, would

have to be regarded merely as "a report of the judge who presided at the trial," and not as a part of the record, should be considered as the equivalent of a bill of exceptions—although, as was said by the Court of Appeals of Maryland in the case, quite similar to the present, of *Dumay* v. *Sanchez*, 71 Md. 512, our decision in this instance is not to be drawn into a precedent for the government of future cases.

Considering this cause upon its merits, we find ourselves constrained to differ from the learned justice who tried the cause in the court below. We are of opinion from the testimony that the appellee went out of the jurisdiction for the purpose of evading the service of ordinary process, and to hinder and delay his creditors. His mercantile obligations were about to become due. It was his duty to provide for them. Instead of doing so, he took all the cash in his place of business and went away, leaving no information as to where he went or when he would return, or whether he would return at all. The persons composing the appellant corporation made solicitous inquiry for him. They received no satisfactory information from his employees or from his father-in-law, who were the only persons that could reasonably have been expected to give such information. These all professed ignorance of his whereabouts ; and some of them, according to the testimony of the witnesses for the appellant, which in this regard at least seems most reasonable, evinced considerable solicitude on account of his absence and a great desire that he should return to attend to his affairs. Under these circumstances, the managers of the appellant corporation were justified in assuming that he had absconded, and in taking steps accordingly to protect their own interests. According to what we must regard as the great preponderance of testimony, the appellee himself, after his return, several times admitted that he had gone away to evade his creditors ; and the account which he gives of his movements in New York, and of his alleged attempt to procure a loan of $5,000, which would have enabled him to be relieved of all

his then existing financial embarrassments, rather tends to confirm the justice of the suspicions entertained by his creditors, and which induced them to sue out their writs of attachment.

It would serve no good purpose to enter at length into a consideration of the testimony in this case. That the appellee went out of the District of Columbia at a critical period in his financial affairs, when the dictates of ordinary prudence and good and honest business management would have demanded his presence here, is conceded. The question of his purpose in so going out of the jurisdiction, which is the question upon which the right to the issue of a writ of attachment depends, is one which in its nature cannot ordinarily be proved by direct and positive testimony, but only by circumstances. The wholly unexplained circumstances of this case, which it was incumbent on the appellee to explain satisfactorily, if he would relieve himself from the just inference to be drawn therefrom, and which he has entirely failed to explain, warranted the conclusion deduced from them by his creditors that he had absconded. If his purpose in going away was in part to raise a loan to relieve him from his financial embarrassments, as he now pretends, and he had succeeded in making satisfactory arrangements for such loan, he does not explain why he did not carry those arrangements to a conclusion and settle with his creditors, as he might readily have done, so far as this record discloses. If we add to this his own subsequent admissions in regard to his purpose in going away, which, as we have intimated, we regard as sufficiently proved by the great preponderance of the evidence, there would seem to be no room to doubt that the contingency had arisen in which the appellant was justified in suing out a writ of attachment.

Entertaining these views of the testimony, we must *reverse the order appealed from, with costs ; and remand the cause to the court below for further proceedings therein not inconsistent with this opinion, and in accordance with law. And it is so ordered.*