CASE 64—ATTACHMENT—OCTOBER 12.

## Johnson, Etc. v. Kaufman & Goldnamer, Etc.

APPEAL FROM CALDWELL CIRCUIT COURT.

ATTACHMENT—GROUNDS FOR—CONCEALMENT.—In order to maintain an attachment on the ground that defendant is concealing himself so that summons can not be served upon him, return of process is not a condition precedent. Such grounds may be made out in the original petition.

JAMES & JAMES AND WILLIAM MARBLE FOR APPELLANTS.

The attachments ought to have been discharged because, (1) not properly issued, (2) executed, or (3) sustained by proof.

HODGE & GATES FOR APPELLEES. (Original brief not in record.)

In a petition for a rehearing, same counsel argued that the facts sustained the grounds of attachment and on the question of the debtor's intention cited: Dunn, &c. v. Salter, &c., 1 Duv., 342, and Lewis v. Wright, 3 Bush, 311.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The ground relied on in some five different petitions against appellant Johnson to sustain attachments against his property is that he "so conceals himself that summons can not be served upon him." Civ. Code, Sec. 194, subsec. 5. Upon a trial of this issue, the actions being consolidated in the lower court, the attachments were sustained. At the outset we are met with the contention on the part of appellant that such ground is not assertable in an original petition, but can be set up only after a summons is issued, and the attempt made to serve it is defeated by concealment denounced by the statute. It is true, as contended by counsel, that the averments of the affidavits in these cases made in the petition in support of this ground

of attachment must be true when the affidavit is made, but the truth of the averment may be shown as any other fact may be. Instead of the rule being, as counsel contends, that the summons must first issue, and an attempt made to serve it, it is clear that if it be true that the debtor so conceals himself that a summons can not be served on him it is wholly useless to have the attempt made to serve it. Shinn on Attachment and Garnishment, Sec. 89. We are far from being convinced, however, that the plaintiffs (appellees here) succeeded in establishing the ground relied on. Their whole case rests substantially on the testimony of one of their number,—Pettit,—who visited Johnson's house in the morning of the day on which the attachments were sued out. He testifies that whilst he was in the house with Johnson and his family, and while discussing the probability of one Ratliff suing Johnson, he saw, and he supposes Johnson saw, Deputy Sheriff Jones turn into Johnson's place from the main road; that about this time he arose to leave and did leave Johnson's house, Johnson leaving at the same time, going towards the back of the premises; that he met Jones as the latter was coming in, who asked him if Johnson was at home; that he told him he was not. Jones did not go into the house to inquire for Johnson, but went off to a barn near by, and was told by a negro man that Johnson and one Kevil were off together somewhere. He made no further search or inquiry. This was ten days before the last suing day for the approaching term of court. On the next day Johnson came to the county seat, distant from his home only one and one-half miles, and made an assignment for the benefit of all of his creditors. Had Pettit's statement to Deputy Sheriff Jones, to the effect that Johnson was not at home, been made at

the instance of Johnson, or with his approval, this would have been strong, and perhaps sufficient, evidence that he was concealing himself from the officer. But this statement was made voluntarily by Pettit, who was himself one of Johnson's creditors, because, as he says, he did not want Johnson sued. Nevertheless he at once brings his own suit, and avers that Johnson is concealing himself to avoid service of summons, using, it now appears, his own misleading and unauthorized statement to convict Johnson of such concealment. There is some further proof of Johnson's not being found by Pettit later on in the day, but Johnson himself explains his whereabouts all the time in a perfectly consistent and satisfactory manner, and·is corroborated by other witnesses. There would seem to be no reason whatever to doubt that the officer would have found Johnson had he inquired for him at the house at the time of his visit there. The attachments ought to have been discharged, and the funds of the estate distributed under the deed of assignment; wherefore the judgment is·reversed for proceedings consistent herewith.