John Z. Rogers and James A. Flack, as Late Sheriff of the City and County of New York, Respondents, v. Robert H. Ingersoll and Charles H. Ingersoll, Appellants.

*Warrant of attachment—it cannot be questioned collaterally where the court had jurisdiction—erroneous recital of the grounds therefor is a mere irregularity—levy on firm property where the attachment is against but two of three members of the firm—what court may grant leave to sue in aid of an attachment—an order substituting a party cannot be reviewed as an intermediate order on an appeal from the final judgment.*

A warrant of attachment, issued upon affidavits sufficient to give the justice who issued it jurisdiction to do so, cannot be questioned collaterally, but only by a direct attack.

The fact that the grounds of a warrant of attachment as recited in such warrant are stated in the alternative, to wit, that the defendants "have removed, or are about to remove, property from this State with intent to defraud their creditors, or have assigned, disposed of or secreted, or are about to assign, dispose of or secrete their property with intent to defraud their creditors," does not render the attachment void, but is a mere irregularity, which does not affect the validity of a warrant until it is vacated because thereof.

The fact that, in an action brought against the members of a firm upon a firm obligation, an attachment is obtained against but two of the three partners sued, will not prevent the sheriff from levying under the attachment upon the copartnership property.

The leave of the court which is made necessary by section 677 of the Code of Civil Procedure for the bringing of an action in aid of an attachment, refers to the court in which the action is brought and not to the court of which the officer who issued the attachment is a member.

Thus, where the attachment is issued by a justice of the City Court of the city of New York and the action in aid of the attachment is brought in the Court of Common Pleas of the city and county of New York the necessary leave to commence the action is properly obtained from the latter court.

An order substituting the assignee of a cause of action as plaintiff in the action in place of the original plaintiff, is not such an intermediate order as may be reviewed under section 1316 of the Code of Civil Procedure by specifying it in a notice of appeal from a final judgment rendered in favor of the substituted plaintiff.

Appeal by the defendants, Robert H. Ingersoll and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 9th day

of December, 1903, upon the report of a referee, with notice of an intention to bring up for review upon such appeal an intermediate order entered in said clerk's office on the 30th day of September, 1901, substituting John Z. Rogers as plaintiff, and also an order entered in said clerk's office on the 17th day of July, 1900, referring said action to a referee.

*Henry B. Kinghorn,* for the appellants.

*Philip Carpenter,* for the respondents.

INGRAHAM, J. :

This action was tried before a referee. A large part of the record is taken up by objections taken and the arguments thereon by the defendants' counsel, most of which are absolutely frivolous, repeated again and again, and now insisted on ; the appellants' brief stating, "Therefore, the appellants note the fact here that every objection in the case is good ground for reversal." It would be a waste of time to discuss most of these objections, and all that I shall attempt to do is to point out what appears to be the real questions in the case.

The action was originally brought by one Allen as an attachment creditor impleaded with the late sheriff of the county of New York under section 677 of the Code of Civil Procedure to recover a demand attached by the sheriff under a warrant of attachment. The plaintiff having by mesne assignments succeeded to the rights of Allen was substituted as plaintiff herein. It is alleged that about the 1st day of March, 1890, the defendants were indebted to Perlman, Manson & Libman, copartners doing business in the city of New York, and that on the same day a warrant of attachment was duly issued out of the City Court directed to the sheriff of the city and county of New York, commanding him to attach the property of the defendants Perlman and Manson in that county, and deliver to the sheriff who, by virtue of the said warrant of attachment, levied upon an indebtedness in favor of Perlman, Manson & Libman from the defendants. The answer is in substance a denial of the allegations of the complaint, except the copartnership of the defendants, and alleges that there is a defect of parties plaintiff in the omission of Perlman, Manson & Libman.

This case was before this court on a former appeal from a judgment in favor of the former plaintiff, where the judgment was reversed upon the ground that the affidavits upon which the warrant of attachment was granted were not introduced in evidence, and that, therefore, it was not made to appear that the City Court had jurisdiction to issue the warrant of attachment (*Ross* v. *Ingersoll*, 53 App. Div. 86). The case has been again tried and has resulted in a judgment for the plaintiffs, and from that judgment the defendants appeal.

It is strenuously claimed by the defendants that the decision of the former appeal required a dismissal of the complaint, but I think that upon the evidence upon the new trial the City Court had jurisdiction to issue the warrant of attachment. It appeared that the action in the City Court had been commenced against the defendants in that action prior to February 14, 1890, at which time the defendants Perlman and Manson appeared and answered. The third defendant in that action does not appear to have been served, nor did he appear in the action. The court thus having jurisdiction of the parties and of the subject-matter of the action, the plaintiffs, on the 1st of March, 1890, obtained from a justice of the City Court a warrant of attachment against the property of the defendants Perlman and Manson upon the complaint in the action and upon the affidavits of one of the plaintiffs, the plaintiffs' attorney and of one Symons, an advertising agent in the city of New York. The ground upon which the attachment was obtained was that the defendants Perlman and Manson were about to assign, dispose of or secrete property with intent to defraud their creditors. I think these affidavits were sufficient to give the justice jurisdiction to issue the warrant, and he having jurisdiction to issue the warrant, his action could only be reviewed by a direct attack upon it, and the validity of the warrant cannot be questioned collaterally. There were facts sworn to, as to the action of the defendants in regard to their property, which bore upon an intention on the part of the defendants in that action to collect what was owing to them, in the meantime refusing to apply what they collected to the payment of their debts. It is quite true that the evidence was not convincing, and upon a direct attack upon the attachment it might have been vacated; but there was evidence tending to show the facts which

justified the granting of an attachment, and the justice who granted it, therefore, had jurisdiction. The attachment granted recited, as the ground upon which it was granted, that "the said defendants Perlman and Manson have removed, or are about to remove, property from this State with intent to defraud their creditors, or have assigned, disposed of or secreted, or are about to assign, dispose of or secrete their property with intent to defraud their creditors," and the defendants strenuously insist that this rendered the warrant of attachment void. Section 641 of the Code of Civil Procedure provides that the warrant must briefly recite the ground of the attachment, and section 636 of said Code provides that to entitle the plaintiff to a warrant of attachment he must show, by affidavit, that the defendant has removed, or is about to remove, property from the State with intent to defraud his or its creditors, or has assigned, disposed of or secreted, or is about to assign, dispose of or secrete property with the like intent; and in *Cronin* v. *Crooks* (143 N. Y. 352) the Court of Appeals, affirming an order of the General Term of the Supreme Court, held that as the warrant must briefly recite the ground of the attachment, a warrant which recited these grounds in the alternative was not a compliance with section 641 of the Code of Civil Procedure, as to state in the alternative is to state neither the one nor the other fact, and that such an alternative statement results in a mutual exclusion. The effect of this decision is that the warrant stated in substance no ground upon which it was granted, was not a compliance with section 641 of the Code of Civil Procedure, and was thus properly vacated upon a motion to accomplish that result. This, however, was an irregularity merely and did not affect the validity of the warrant until it was vacated. While it did not comply with this provision of the Code of Civil Procedure, it did command the sheriff to attach the property of the defendants in the action wherein it was granted. It protected the sheriff, in acting under it, and a levy by the sheriff was sufficient to create a lien upon the property attached so long as the attachment remained unvacated. Whether or not the warrant recited the correct ground was of no concern to the sheriff. The sheriff was bound to execute the warrant and to take the property of the defendants in that action that was capable of manual delivery into his possession and hold it pursuant to the

command of the attachment. He was also bound to levy upon debts due to the defendants therein and hold such indebtedness subject to the determination of the action, and by the service of the warrant of attachment in the method prescribed by the Code of Civil Procedure he acquired a lien upon an indebtedness due by the defendants in this action to the defendants in the attachment suit, and was entitled to collect such indebtedness, to carry out the mandate in the warrant. (Code Civ. Proc. § 644 *et seq.*) And it was this that the plaintiffs proceeded to do by the commencement of this action, as provided in section 677 of the Code of Civil Procedure. That a defect of this character in the attachment is not jurisdictional and does not render the attachment void appears from the fact that the court had power to amend the attachment. (*Stone* v. *Pratt*, 90 Hun, 39; *King* v. *King*, 59 App. Div. 128.) Nor was the fact that the attachment was obtained against two of the three defendants sued an objection that prevented the sheriff from levying upon the copartnership property. The action was against the defendants as copartners, and two of the defendants had been served and appeared and answered. In a judgment in that action the copartnership property would have been subject to levy under execution, and an attachment against the two defendants who had been served and had appeared was sufficient to justify a levy, upon copartnership property, as well as upon the individual property of the two defendants against whom the attachment had been issued. I also think that there was 'a levy upon the indebtedness of these defendants to the defendants in the action in which the attachment was issued, and that the order granted by the Court of Common Pleas of the city and county of New York authorizing the commencement of this action was a compliance with section 677 of the Code of Civil Procedure. The leave of the court to bring the action evidently refers to the court in which the action is brought and not to the court of which the officer who issued the warrant of attachment is a member. The justice issuing the attachment was, as a justice of the City Court, expressly authorized by section 638 of the Code of Civil Procedure to issue the warrant of attachment. When the leave of the court to bring this action was required, it was evidently intended that the court, or a judge thereof, in which the action was to be commenced, was to grant the leave required,

and in pursuance of this leave this action was commenced in the Court of Common Pleas of the city and county of New York. I also think the evidence was ample to sustain the finding of the referee that the defendants were indebted to Perlman and Manson.

On this appeal the defendants also seek to review an order substituting the present plaintiff as the assignee of the former plaintiff in the action, to whom the cause of action had been assigned and who had been substituted as one of the plaintiffs in the place of the original plaintiff, who was the plaintiff in the attachment action. This order seems to have been made by the Special Term of the Supreme Court on September 30, 1901. No appeal was taken from this order until the appeal from the judgment, and it is now attempted to review the order under section 1316 of the Code of Civil Procedure. It is there provided that " an appeal, taken from a final judgment, brings up for review an interlocutory judgment, or an intermediate order, which is specified in the notice of appeal and necessarily affects the final judgment; and which has not already been reviewed upon a separate appeal therefrom by the court or the term of the court to which the appeal from the final judgment is taken." I do not think that this order falls within the class specified in this section of the Code of Civil Procedure. The order was interlocutory and determined the person in whose name the action should be continued. It had no relation to the final judgment and did not in any way affect it. The defendants not having appealed from that order and having proceeded with the trial before the referee, waived any defect in the papers upon which it was granted.

I have thus indicated my views upon what I consider to be the only questions of any consequence in this case. As before stated, the case is full of objections and exceptions to rulings upon evidence, but none of them are of importance upon the main questions presented and which have been here indicated. The substantial facts necessary to determine the action were proved before the referee by evidence that was entirely competent, and about which there is no substantial dispute, the sole effort of the defendants being to prevent the plaintiff from proving the facts which when proved, were not denied in any substantial manner by the defendants.

I think, therefore, that no error was committed which would justify us in reversing the judgment, and it is, therefore, affirmed, with costs.

VAN BRUNT, P. J., PATTERSON, McLAUGHLIN and LAUGHLIN, JJ., concurred.

Judgment affirmed, with costs.