BREAKSTONE BROS. BRONX BRANCH, Inc., v. HYMAN.

(Supreme Court, Appellate Term, First Department. March 13, 1916.)

1. COURTS ⬤⟿189(6)—GROUNDS—STATEMENT IN ALTERNATIVE.
    Where the ground of an attachment, as stated in the warrant, in accordance with Municipal Court Code (Laws 1915, c. 279) § 41, so requiring, was that defendant "has disposed or is about to dispose of his property with intent to defraud his creditors, etc.," such ground of disposal of property, being stated in the alternative, was bad.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 458; Dec. Dig. ⬤⟿189(6).]

2. ATTACHMENT ⬤⟿113—AFFIDAVITS—SUFFICIENCY.
    Where plaintiff's affidavits for attachment showed an indebtedness to two creditors for merchandise on the part of defendant; that on January 3d, at 2 p. m., several men were seen in defendant's grocery taking stock from the shelves and rearranging same; that defendant was not there, and the men in the store (unnamed in the affidavits) said he was at home and that he had made an assignment; that at defendant's house his wife stated he was down town, and she supposed he would be home in the evening; that at 9 o'clock p. m. the store was closed, and there was no notice on the door or windows; that at 5 minutes past 9 defendant's apartment was found locked, and no response was made to ringing or knocking; that a morning newspaper the next day contained a notice that the stock and fixtures of defendant's store would be sold at auction at 10:30 a. m.; and that no assignment for the benefit of creditors had been filed—such affidavits were insufficient to support the ground of attachment that defendant was concealing himself to avoid service of a summons with intent to defraud his creditors, since the facts stated were as consistent with an honest intent as with a fraudulent one, so that fraud could not be inferred.
    [Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 307–311; Dec. Dig. ⬤⟿113.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by the Breakstone Bros. Bronx Branch, Incorporated, against Philip Hyman. From an order denying defendant's motion to vacate an attachment, defendant appeals. Order reversed, and motion granted.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Tobias A. Keppler, of New York City, for appellant.

Lewin & Scherer, of New York City (Edward Scherer, of New York City, of counsel), for respondent.

WEEKS, J.  The warrant of attachment was issued upon a summons dated January 3, 1916, and affidavits verified January 4, 1916, showing an indebtedness amounting to $106.39 to two creditors for merchandise sold between October 19 and December 27, 1915; that on January 3, 1916, at about 2 o'clock in the afternoon, several men were seen in defendant's grocery store taking stock from the shelves, rearranging same, and putting tickets on the different lots; that defendant was not there, and that the men in the store said he was at home and that he had made an assignment for the benefit of his creditors; that at defendant's house his wife stated that he was down town, and that she supposed he would be home in the evening, but she could give no information as to what had occurred at the store; that at 9 o'clock that evening the store was closed, and there was no notice on the door or windows; that at 5 minutes past 9 o'clock, upon going to defendant's apartment, the door was found locked, and no response was made to ringing the bell or knocking on the door; that a morning newspaper of January 4, 1916, contained a notice that the stock and fixtures of defendant's store would be sold at auction at 10:30 o'clock in the morning of that day; that no assignment for the benefit of creditors had been filed. The motion to vacate the warrant was made upon the grounds that the papers were insufficient in law, and did not state any ground upon which the attachment could be issued, and that the court had no jurisdiction to issue the attachment.

[1] The motion should have been granted. The grounds of the attachment as stated in the warrant, in accordance with the provisions of section 41 of the Municipal Court Code (see, also, section 641 of the Code of Civil Procedure), were:

"That he has disposed or is about to dispose of his property with intent to defraud his creditors and is concealing himself for the purpose of evading service of a summons with like intent."

The first ground, disposal of property, being stated in the alternative, was clearly bad. Cronin v. Crooks, 143 N. Y. 352, 354, 38 N. E. 268; Rogers v. Ingersoll, 103 App. Div. 490, 93 N. Y. Supp. 140.

The cases cited by respondent have no application to attachments based upon the disposal of property by the debtor, but apply only where the ground of attachment was the departure or concealment of the debtor. The reason for the distinction is clearly stated in Garson v. Brumberg, 75 Hun, 336, 26 N. Y. Supp. 1003, as follows:

"The removal of property with the intent to defraud creditors is one ground, and the assignment of it with like intent is another; but they are based upon different facts, and both cannot well be included in or established by the same facts, whilst, under the other provision of the Code the intent to defraud creditors, or to avoid the service of a summons, may be established from the same facts. Whether he has departed from the state, or keeps himself concealed therein, is immaterial, where the purpose and intent are the same."

[2] As to the second ground stated in the warrant, that the defendant is concealing himself for the purpose of avoiding service of a summons with intent to defraud his creditors, the affidavits are manifestly insufficient. There is nothing from which it can even be inferred that the defendant knew that any effort had been made, or was being made, to serve him with a· summons, nor does it appear that any summons was issued until after the visits to defendant's store and apartment on the afternoon and evening of January 3d. Absence from home at 9 o'clock in the evening is no evidence of concealment. Nor is the fact that a grocery store was closed at that hour any proof of an intent to defraud creditors. As stated in Head v. Wollner, 53 Hun, 615, 6 N. Y. Supp. 916:

"Ambiguous declarations or acts which are susceptible of an honest purpose, as well as of an intent to avoid service, do not authorize an attachment. The purpose to accomplish a concealment with intent to avoid service of a summons is the ground mentioned in the statute, and it must be made clearly and positively to appear by the facts. They must be clearly and positively shown. * * * If the defendant was out of his store collecting, or had gone down town on business, as was stated to the plaintiffs' agent, then he was engaged legitimately, and such engagement did not indicate an intent to avoid service of summons. Sickles v. Sullivan, 5 Hun, 569. * * * Where the statements, as in this case, are intrinsically innocent, they do not establish the intent required by the statute. Evans v. Warner, 21 Hun, 574. * * * Facts tending to prove it were not sufficiently stated, so that it might be judicially determined that such was the intent of the defendant. Stevens v. Middleton, 26 Hun, 471. Conjectures, surmises, and suspicions are not sufficient."

The statement made by the men in the store that defendant had made an assignment for the benefit of creditors, even though no such assignment had been filed, furnishes no proof of an intent to defraud, and the affidavit fails to give the names of the persons making the statement, or the source of their information, or why their affidavits were not produced. It does not appear that defendant had any creditors other than plaintiff, nor does it appear that the auction sale was not to be fairly and honestly conducted. The fact that it was publicly advertised indicates neither concealment nor fraud. All the facts stated are as consistent with an honest intent as they are with a fraudulent one, and fraud, therefore, may not be inferred from them. First National Bank v. Wallace, 4 App. Div. 382, 38 N. Y. Supp. 851.

The order appealed from should therefore be reversed, with $10 costs, and the motion to vacate the attachment granted. All concur.