## RIEFFER v. HOME INDEMNITY CO. et al.
### No. 636.

Municipal Court of Appeals for the
District of Columbia.

Aug. 19, 1948.

Opinion Adhered to on Rehearing
Nov. 18, 1948.

See 62 A.2d 371.

Leroy A. Brill, of Washington, D. C. (Mark P. Friedlander, of Washington, D. C., on the brief), for appellant.

Jerrold B. Ullman, of Washington, D. C. (Wilbert McInerney, of Washington, D. C., on the brief), for appellee, Home Indemnity Co.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

The parties to this action are attaching creditors of the same debtor. No question is raised as to the validity of either's claim; the only point being priority of right as between their two attachments.

The appellee company had bonded Crumbley in the amount of $2,500 on a real estate broker's bond, and upon his default paid this sum into the registry of the District Court of the United States for the District of Columbia for adjudication of conflicting claims and distribution to proven creditors. Thereafter appellee brought the present action against Crumbley to indemnify itself on the bond and filed an attachment before judgment (on grounds later recited herein) on December 23, 1946, against monies of Crumbley held by the District Title Insurance Company and the Lawyers Title Insurance Company.

Appellant, Alice Rieffer, holds an unsatisfied judgment against the debtor, Crumbley. In an attempt to satisfy said judgment she directed garnishment proceedings against the title companies on December 30, 1946. These companies answered admitting that they owed the debtor Crumbley some $600 but stating that it was held subject to a prior attachment of the appellee company.

Upon discovery of the prior claim, Alice Rieffer filed a motion for a judgment of condemnation in her case and upon judgment being denied she moved for and was granted leave to intervene in the present case. Her contention in the trial court, which is reiterated here, was that appellee's attachment proceedings were improperly brought as the basic affidavit was defective. This contention was argued to the trial court on the naked legal question, neither party presenting any evidence. Upon adverse ruling, Alice Rieffer took an appeal to this court.

The single question determinative of the appeal is the legal sufficiency of appellee's affidavit to support the attachment before

judgment. The affidavit (filed December 23, 1946) after setting forth appellee's cause of action went on to state: "That during October 1946 the said Clifford L. Crumbley left the District of Columbia and at the present time his whereabouts are unknown, and he has temporarily withdrawn himself from the District." It is this language which appellant urges is insufficient to comply with the statute.

The District of Columbia statute on attachment before judgment [1] requires the filing of an affidavit showing the ground from plaintiff's claim, the nature of the recovery sought, the type of action; and also requires one of five specific statements including nonresidence of defendant, absence from the jurisdiction for a period of six months or more, or conveyance or concealment of debtor's property. The requirement in question and the only one applicable in this case states: "that the defendant evades the service of ordinary process by concealing himself or temporarily withdrawing himself from the District * * *."

A comparison of the quoted portions of the affidavit and the statute clearly demonstrates appellant's position. In appellee's affidavit it was alleged that Crumbley had withdrawn himself from the District, but it was not stated that he "evades the service of ordinary process" by so doing. Appellant contends that this omission is fatal because attachment statutes being in derogation of the common law are strictly construed.

■ The weight of authority clearly favors a strict construction of attachment statutes. The Supreme Court in an early case said that since the law of attachment is in derogation of the common law courts are not inclined to extend its provisions beyond the requirements of the statute authorizing it.[2] Some few cases which hold in favor of a liberal construction do so on the theory that the intention of the legislature must be followed and that the statute should be construed to give effect to its beneficial purposes.[3] However, even this rule does not authorize a strained construction.[4] By the better rule it is not necessary for the affiant to employ the precise language of the statute,[5] but the words of the affidavit must be sufficiently similar to those of the statute to allow a court to draw the conclusion which is called for by the exact language of the statute.[6]

The rationale for the close scrutiny which is accorded affidavits in attachment before judgment rests not alone upon the fact that this is a harsh and unusual remedy in derogation of common law. The affidavit is the cornerstone of the court's jurisdiction. Its sufficiency or failure may confer or divest jurisdiction over the case.[7] The jurisdiction of a court which is conferred by attachment statutes is special and limited. It rests entirely upon statutory sanction and will be strictly construed and not extended by inferences or assumptions.[8]

■ The question here is whether the omission of words to the effect that "the defendant evades the service of ordinary process" is a fatal omission. We believe that it is. This phrase of the statute is the heart of that particular requirement. Another portion of the statute allows attach-

---

[1] Code 1940, § 16—301.

[2] Mitchell v. St. Maxent's Lessee, 4 Wall. 237, 18 L.Ed. 326. See also Martin v. Schillo, 389 Ill. 607, 60 N.E.2d 392, certiorari denied 325 U.S. 880, 65 S.Ct. 1572, 89 L.Ed. 1996; Massman v. Snyder, 5 Cir., 37 F.2d 825; Sinclair Refining Co. v. Bounds, 198 Ark. 149, 127 S.W.2d 629; Cornett v. Greever, 272 Ky. 241, 113 S.W.2d 1127; 4 Am.Jur. § 26; 7 C.J.S., Attachment, § 91, p. 261.

[3] General Finance Co. v. Powell, 112 Mont. 535, 118 P.2d 751.

[4] John Canelli Co. v. Brewing Corporation of America, 67 Ohio App. 155, 36 N.E.2d 45.

[5] Jewett State Bank, Inc., v. Evans, Tex.Civ.App., 129 S.W.2d 1202.

[6] Weil v. Quam, 21 N.D. 344, 131 N.W. 244; 7 C.J.S., Attachment, § 113, p. 278.

[7] There is a split of authority on the question of whether a judgment founded on a defective affidavit is voidable or void and thus subject to collateral attack. See Hayes v. Conger, 36 App.D.C. 202; and cf. Duxbury v. Dahle, 78 Minn. 427, 81 N.W. 198, 79 Am.St.Rep. 408. The point is not in question here and no opinion is expressed.

[8] A. D. Fletcher & Son v. Gordon, 219 Iowa 661, 259 N.W. 204.

28

ment when the creditor has been absent from the jurisdiction for six months; but when he has been absent for a lesser time the attachment must fall under the phrase in question and the process can only be issued when the absence is for the purpose of evading the service of ordinary process. Such is an entirely reasonable requirement, and there is no apparent reason why the legislature's safeguard should be disregarded. Appellee's allegation in the affidavit in question amounts in substance only to a statement that the creditor has absented himself from the jurisdiction. Nothing material was added by saying he left during October and that "at the present time (December 23, 1946) his whereabouts are unknown." There is no allegation as to the reason therefor. It is entirely reasonable to suppose that the debtor left the jurisdiction for any one of a number of reasons; to raise the money to pay his debts; on a business trip; for a vacation; and there is no reason to assume that his absence was for the purpose of evading the service of ordinary process. There is no statement of any efforts to locate him.

There is no case in this jurisdiction exactly in point,[9] but those of other jurisdictions under statutes similar to ours have held that there must be at least an allegation of the reason for the departure. Motive, reason or intent is made essential by the statute, and it may not be overlooked. A New York court was faced with an affidavit which went on at some length to allege that the defendant was packing his merchandise to leave the city; that he advertised a sale of his goods in the newspaper; that he was not available either at his home or at his place of business. A motion to set aside the attachment was granted. The court said, "As to the second ground stated in the warrant, that the defendant is concealing himself for the purpose of avoiding the service of a summons with intent to defraud his creditors,

the affidavits are manifestly insufficient. There is nothing from which it can even be inferred that the defendant knew that any effort had been made, or was being made, to serve him with a summons * * *."[10] Obviously it is not necessary for the affiant to make an attempt to serve the defendant in order to allege that the defendant's absence is for the purpose of avoiding the service of ordinary process,[11] but we believe that there must be an allegation of such latter fact, and, if traversed, sufficient proof to enable the affidavit to stand under the statute.

Reversed.

---

[9] But see: Boulter v. Behrend, 9 Mackey, 567, 20 D.C. 567; and cf. Wilkins & Co. v. Hillman, 8 App.D.C. 469.

[10] Breakstone Bros. Bronx Branch v. Hyman, 94 Misc. 171, 157 N.Y.S. 898, 900; and see: Doheny v. Worden, 75 App.Div. 47, 77 N.Y.S. 959; 7 C.J.S., Attachment, § 126, p. 298; cf. Malone v. Handley, 81 Ala. 117, 8 So. 189.

[11] Johnson v. Kaufman, 104 Ky. 494, 47 S.W. 324.