(33 Misc. Rep. 653.)

### F. A. RINGLER CO. v. NEWMAN et al.

(Supreme Court, Special Term, New York County. January, 1901.)

ATTACHMENT—GROUNDS—SUFFICIENCY—INTENT—EVIDENCE.

> Where defendant, owing plaintiff for goods, promised to pay for them out of the proceeds of a publication sold to a certain party, but before the commencement of an action defendant sold his household goods at public auction and left the country, leaving the price of the publication, which was less than the debt to plaintiff, in the hands of the purchaser thereof, attachment will not lie against defendant, on the ground that he had left to defraud creditors.

Attachment by the F. A. Ringler Company against Josiah Newman and others. Motion to vacate granted.

Arnold Davidson, for plaintiff.
Alexander & Cohn, for defendants.

LEVENTRITT, J. This is a motion to vacate an attachment issued on the ground that the defendant "has departed from this state to England with intent to defraud his creditors, or to avoid the service of a summons in this action." It appears by affidavit that an indebtedness exists in plaintiff's favor in the sum of $753.75, the balance due on the purchase price of goods sold to the defendant; that the defendant is a resident of this state, to wit, of Garden City, Nassau county, but cannot, after due diligence, be found within the state. The affidavit of one Craig and the certificate of the sheriff of Nassau county are referred to as the source of information upon which the plaintiff relies. Craig's affidavit shows that he received the summons for service on the 21st day of September, 1900; that he went to Garden City, where he "learned from the station agent that said Newman had lived at said place, but had sold his household goods at public auction one week prior to deponent's inquiry, and had gone to England"; that he "saw the party in charge of the former residence of said Newman, and was by him informed that said Newman had sold his household goods at public auction and removed to England, and that his present address was Buckfield, Leominster, England." The sheriff's certificate, dated the 9th day of October, 1900, repeats substantially the allegations in Craig's affidavit. The president of the plaintiff also swears that in April, 1900, the defendant Newman informed him that the publication for which the goods had been furnished had been sold to one Col. Harvey, acting in behalf of the firm of Harper Bros., and that as soon

as he received that money he would pay the amount due to plaintiff. A letter from Harper Bros. is presented to the effect that the defendant Newman had no claim against them, but that he had sold a publication to Col. Harvey, who admitted that he held subject to Newman's order the sum of $676.35.

On this statement of fact, which contains every material allegation, it is quite clear that no case for an attachment has been made out. Passing over the disjunctive allegation in the affidavits and warrant, which is probably sufficient, under recent authority (Garson v. Brumberg, 75 Hun, 336, 26 N. Y. Supp. 1003), and conceding that the sources of the plaintiff's information are sufficiently disclosed, although no explanation is offered why the affidavits of the station agent and the care taker are not produced, it still remains that neither by fact nor inference is a ground of attachment disclosed. There is nothing on which to base a conclusion that the defendant Newman has left the jurisdiction with intent to evade service. He had sold out his household effects at public auction at least one week prior to the institution of any suit. So far as appears from the papers, he had no reason to suppose that litigation was about to be begun. In view of the fact that he had agreed to pay the plaintiff's claim when he could collect on the sale of the publication, the inference is rather to the contrary. It is difficult to conceive how one can depart with intent to evade service when that departure took place prior to any attempt or threat to commence the suit, and without apprehension that any proceedings were contemplated. Nor can it be said that the circumstances of the defendant's departure justify any inference of fraudulent motive. There was nothing secret or clandestine about it. The household effects were not disposed of privately or in a surreptitious manner. They were sold at public auction. It is too well settled to need citation of authority that the mere disposal of even all of a debtor's property is insufficient, in the absence of other circumstances, to justify an inference of fraudulent purpose. Ordinarily it requires but slight additional facts in order to spell out the intent. And in this case there is not only no attendant circumstance, but there is not even a claim that the defendant did dispose of all of his property. He sold merely his household effects. But there is no charge of any improper disposition of the proceeds, or that they were not devoted to the payment of legitimate debts. No attempt was made to dispose of or appropriate the moneys resulting from the sale to Col. Harvey. The very funds which the defendant Newman promised to apply towards the payment of the plaintiff's claim still remain where they were, subject to defendant's order. The mere fact that the amount is slightly less than the amount of the debt due by the defendant is insufficient to warrant an inference of fraud, inasmuch as the papers do not show a representation that the two amounts were equal. It is not straining to suppose that on payment of the claim due the defendant by Col. Harvey, or, as he believed, by Harper Bros., he expected to make up the relatively small deficiency and carry out his expressed purpose of satisfying the plaintiff's claim. At all events, there is neither proof nor inference that he did not so intend. I fail

to find on the papers submitted any facts that would justify a continuance of the warrant. It must be vacated. Taylor v. Hull, 56 Hun, 90, 9 N. Y. Supp. 140.

Motion granted, with $10 costs.