(75 App. Div. 47.)

## DOHENY et al. v. WORDEN.

## SALT SPRINGS NAT. BANK OF SYRACUSE v. SAME.

(Supreme Court, Appellate Division, Fourth Department.  July 8, 1902.)

**1. SERVICE OF PROCESS—PUBLICATION—SUFFICIENCY.**

Under Code Civ. Proc. § 440, providing for service on nonresidents by newspaper publication once a week for six successive weeks, there must be one publication in each of the six weeks; and a series of publications, of which two are made in a single week, and none in the week following, does not constitute a valid service.

**2. ATTACHMENTS—GROUNDS—NONRESIDENCE—SUFFICIENCY OF AFFIDAVIT.**

Defendant, a resident of the state, left it, and while absent therefrom, and eight months prior to an attachment of his property, wrote a letter, stating that when he left he had made up his mind not to return, unless he secured a certain contract, as he owed more than he could pay, and could not "face the music"; that he had failed to secure the contract, and was going to Porto Rico, where he would stay a while if he could get work; and that he wanted his correspondent to keep his going away as quiet as possible. No further communication was received from him except a letter from Havana, Cuba. These facts were set out in plaintiff's affidavit in support of his attachment. *Held*, that the affidavit was insufficient to authorize an attachment under Code Civ. Proc. § 636, subd. 2, authorizing attachments against nonresident defendants.

**3. SAME—ABSCONDING DEFENDANT—SUFFICIENCY OF AFFIDAVIT.**

The affidavit was insufficient to authorize an attachment under Code Civ. Proc. § 636, subd. 2, authorizing an attachment against the property of a resident defendant who leaves the state with intent to defraud his creditors, or to avoid service of process.

**4. PROCESS—ORDER OF PUBLICATION—GROUNDS—METHOD OF PROOF—AFFIDAVIT—SHERIFF'S CERTIFICATE—SUFFICIENCY.**

Under Code Civ. Proc. § 439, providing that the grounds of an application for an order of publication specified in the preceding section, which includes inability to serve a summons on defendant within the state, must be proved by affidavit, the unverified certificate of the sheriff to whom a summons is directed that he has been unable to serve it, etc., is not sufficient to authorize an order of publication.

**5. ATTACHMENTS—SERVICE— PUBLICATION — STATUTORY PROVISIONS—COMPUTATION OF TIME.**

Under Code Civ. Proc. § 638, requiring that service by publication in attachment proceedings shall be commenced within 30 days after the issue of the attachment, where an attachment is issued on July 31st the publication need not be commenced until the 30th day of the succeeding August.

**6. SAME—PROOF OF PUBLICATION—SUFFICIENCY.**

Code Civ. Proc. § 638, authorizes service of the summons in attachment proceedings by publication once a week for six successive weeks, and provides further that such publication must be made complete by the continuance thereof; and section 442 requires the publication of a certain notice simultaneously with the summons. An order of publication in an attachment proceeding directed the publication to be made in a certain newspaper, and the affidavit of publication thereafter filed stated that the "notice, of which a printed copy was annexed," was published for four successive weeks, and would be published for two weeks more; but no notice was in fact annexed to the affidavit, and no proof was made of the completion of the publication.  A copy of the summons in the attachment proceeding was in the record, following the affidavit, but the affidavit itself did not state that the "summons" had been or would be published, and it did not appear whether a copy of the summons was annexed to the affidavit.  *Held*, that the proof of publication was

insufficient to sustain the attachment, and the attaching creditor had no such lien as would give him the right to move for the vacation of a former attachment, under Code Civ. Proc. § 682, authorizing any one acquiring a lien on property after it has been attached to apply to vacate the attachment.

Adams, P. J., dissenting.

Appeals from special term, Onondaga county.

Action and attachment by the Salt Springs National Bank of Syracuse against Stewart Worden. From an order entered on application of George Doheny and another, vacating plaintiff's attachment, it appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

B. A. Benedict, for appellant.
Hiscock, Doheny, Williams & Cowie, for respondents.

WILLIAMS, J. The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

The appellant procured an attachment to be issued and levied upon personal property of defendant November 12, 1898. Judgment was thereafter entered in the action May 11, 1899, and an execution issued and levied July 28, 1899. The respondents procured an attachment to be issued and levied upon defendant's personal property July 31, 1899. About the 22d September, 1899, respondents noticed a motion for October 7, 1899, to vacate the appellant's attachment, judgment, and execution for failure to make a legal service of the summons in the appellant's action, and this motion was granted. The defendant in the two actions was not a party to the motion. The service of the summons upon the defendant in the action personally within or without the state, or by publication thereof, as required by law, was essential to the validity of appellant's attachment, judgment, and execution. This would be true so far as the judgment and execution were concerned, manifestly, and section 638 of the Code of Civil Procedure provides as to the attachment that:

"Personal service of the summons must be made upon the defendant, against whose property the warrant is granted, within 30 days after the granting thereof; or else before the expiration of the same time, service of the summons by publication must be commenced, or service thereof must be made without the state, pursuant to an order obtained therefor as prescribed in this act, and if publication has been, or is thereafter commenced, the service must be made complete by the continuance thereof."

There was concededly no service of the summons upon the defendant personally within or without the state, but there was an attempted publication thereof, which respondents claimed was not completed as required by law. There was an order for the publication, made under section 440 of the Code of Civil Procedure, which directed that it be made in two newspapers not less than once a week for six successive weeks. One of the newspapers designated was the Syracuse Evening Journal. The publication in this newspaper was made December 12, 19, 24, 1898, and January 2, 9, and 16, 1899, so that it was made twice during the week commencing Monday, December 19th, and was not

published at all during the week commencing Monday, December 26th. There was a full week after the publication on December 24th, during which there was no publication at all. The publication was commenced on a Monday, and was continued on each Monday thereafter, except · Monday, December 26th. Christmas, December 25th, falling on Sunday, Monday, the 26th, was the legal holiday under Laws 1892, c. 677, § 24. The newspaper was not published on that day by reason of its being a holiday. The mistake was made in publishing the summons in that paper on Saturday, the 24th, instead of Tuesday, the 27th. Two publications were thus made in one week, and none at all in the following week. This mistake rendered the service of summons by publication insufficient. There was no legal service of the summons. The provision in the Code is definite, and must be complied with. Very likely it is not necessary that all the publications shall be made on any one day of the week, but there must be one in each seven days. The court therefore was correct in holding that there was no legal service of the summons upon the defendant in the appellant's action.

It is claimed, however, that the respondents had no standing to raise the question we have considered, and to ask for the relief afforded by the order appealed from. So far as the attachment was concerned, the motion was made under section 682 of the Code of Civil Procedure, which provides that "the defendant or a person who has acquired a lien upon or interest in his property after it was attached, may, at any time before the application of the attached property or the proceeds thereof, to the payment of a judgment recovered in the action apply to vacate or modify the warrant," etc. In order to secure the benefit of this provision, the respondents were obliged to show a valid lien upon or interest in the property acquired after the property was attached by appellant. They claimed such lien by attachment issued and levied July 31, 1899. The appellant attacked the respondents' attachment, and claimed it was invalid, because: (1) The complaint and affidavit were insufficient as a basis for the attachment; (2) the papers were insufficient to authorize an order for the service of their summons by publication; (3) there was no proof of a commencement or completed publication of the summons. The complaint might have been more formal than it was, but it was sufficient to show a cause of action against the defendant. It was not necessary that there should be a complaint at all as a basis for attachment. An affidavit only was required by Code Civ. Proc. § 636. The sufficiency of the complaint became material only by reason of the affidavit referring to the complaint for a statement of a cause of action and making the complaint part of the affidavit for that purpose. The affidavit of Doheny sufficiently complied with the requirements of subdivision 1 of section 636 of the Code of Civil Procedure as to the cause of action and the amount the plaintiffs were entitled to recover. There was an attempt to comply with the requirements of subdivision 2 of that section by showing that the defendant was a nonresident of the state, or, being a resident, that he had departed from the state with intent to defraud his creditors, or to avoid the service of a summons. The affidavits stated that plaintiffs were so informed and believed, and gave as the

source of such information and belief an affidavit of one George Albro, which was annexed. The Albro affidavit was made July 29, 1899, two days before the issue of the attachment, and stated that during the month of November, 1898, he received a letter from the defendant, written in Washington, D. C., dated November 7, 1898, stating that he had done his best to secure a contract for shells, but had not succeeded; that he made up his mind when he left home that, if he did not get such contract, he would not return; that his reason for this was that he was owing about $4,000 more than he had anything to pay with, and could not "face the music"; that he was going to start for Porto Rico, and, if he succeeded in getting work there, would stay there for a while; and asked Albro to keep his going away as quiet as it might be possible; that Albro had received no letter from him since, except one letter mailed from Havana, Cuba. There is no statement in either affidavit tending to show that the defendant had ever ceased to be a resident of this state, or that his absence therefrom was anything more than temporary, or that during the eight months since he wrote to Albro he had not returned to the state, or that he was not at the time the attachment was issued a resident of the state. Nor was there any evidence in the affidavits tending to show that the defendant, when he left this state, did so with intent to defraud his creditors, or to avoid the service of a summons. His property apparently was left behind him, undisposed of, subject to the claims of his creditors, and he was hoping to secure a contract, and to return home, and continue his business. His remaining away was because of his inability to secure any contract. There was no compliance with subdivision 2 of section 636 sufficient to authorize the issue of an attachment.

The order for the publication of the summons was made upon the grounds that the defendant was not a resident of the state, and had departed therefrom with intent to defraud his creditors, and to avoid the service of a summons, and that the plaintiff had been and would be unable with due diligence to make personal service of the summons upon him within the state. The same evidence, and no other, was given as to nonresidence, and leaving the state with intent to defraud and avoid service of summons, as on the application for the attachment, and the suggestions hereinbefore made as to this evidence are applicable here. The only evidence given as to the inability to serve the summons personally upon the defendant within the state was the sheriff's certificate that he had had the summons for several weeks, and had been unable to serve it, and had learned that defendant was not a resident of the state, and was not in the state. Section 439 of the Code of Civil Procedure provides that proof of these facts must be made by affidavit, and it was held, under section 135 of the old Code, containing like provision as the present Code, that a certificate was not sufficient. Waffle v. Goble, 53 Barb. 517; Easterbrook v. Easterbrook, 64 Barb. 421. More than this, the certificate is hardly sufficient as to the facts, even if it had all the force of an affidavit.

It is also suggested that the respondents failed to show commencement of service of their summons by publication within 30 days after the issue of the attachment and completion thereof, as required by

section 638 of the Code of Civil Procedure, hereinbefore quoted. The attachment was issued July 31, 1899. It was necessary that the publication should, therefore, be commenced on or before August 30, 1899. The order directed publication to be made in the Syracuse Post-Standard as one of the newspapers. Section 442 of the Code provides that a notice described in the section shall be published with the summons. The affidavit as to the publication in the Syracuse Post-Standard was made September 20, 1899, and stated that the notice, of which a printed copy was annexed, was published for four successive weeks, commencing August 29, 1899, and would be published in two more successive weeks. The full six weeks' publication would then be completed, if made prior to the hearing of the motion; but no proof was made at the time of the hearing the motion that such publication had been completed as required by section 638. The affidavit made, however, did not state that the summons itself had been or would be published at all. It stated merely that the notice had been and would be published. No notice is annexed to the affidavit as stated therein. A copy of the summons is in the record, following the affidavit, but it does not appear whether any copy of the summons was annexed to the affidavit. In order to render the respondents' attachment valid, the publication of the summons must not only be commenced within the time prescribed, but must be completed by the continuance thereof for the full six successive weeks, as prescribed by section 638. For the various reasons hereinbefore suggested the respondents' attachment was not a valid lien upon the defendant's property, so as to give them a standing to attack the appellant's attachment under section 682 of the Code.

These various objections to the validity of the respondents' attachment are raised and discussed in the appellant's points on this appeal, and no response whatever is made thereto in respondents' points. Whether this is because no answer could be made, or through inadvertence of counsel, we cannot say. It is always more satisfactory to the court to have the views of counsel as to the points upon which a reversal is made of the decision of the court below, and we regret that counsel did not consider this branch of the case. The respondents sought to vacate appellant's attachment upon a technical ground, and there is no reason why they should not have been defeated upon technical grounds, if any such satisfactorily appeared in the respondents' papers.

The result we have arrived at renders it unnecessary to consider or determine the question as to whether the court in any event should have vacated the attachment wholly or should have set aside the judgment and execution. Prior to the application to vacate the attachment, $689 of the property covered by appellant's attachment had been reduced to money, and applied on its judgment in the action. As to this property and money it is claimed the attachment should not have been vacated. The respondents' attachment never having become a lien on that part of defendant's property, the attachment should only have been vacated as to the balance of the property. Section 682, Code Civ. Proc.; Bookbinding Co. v. Hart, 85 N. Y. 500.

As to the judgment and execution, the claim made is that the re-

spondents had no standing to ask that they be set aside. At most they could only ask that respondents' lien upon the attached property be made superior to the lien of the judgment and execution.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur, except ADAMS, P. J., who dissents, and HISCOCK, J., not voting.