(76 App. Div. 112.)

## RALLINGS v. McDONALD.

(Supreme Court, Appellate Division, First Department. November 21, 1902.)

1. ATTACHMENT—DEFECTIVE WARRANT—IRREGULARITY.

The recital in a warrant of attachment that the action is for "wrongful detention" of property, while the complaint alleges that it is for wrongful conversion, is not ·a jurisdictional defect, but merely an irregularity, which will not be considered on a motion to vacate, when defendant's notice of the motion does not specify any irregularity.

2. SAME—GROUNDS—SUFFICIENCY.

An affidavit for a warrant of attachment of money deposited by defendant as bail after arrest on a civil process, but which sum had been ordered released on his furnishing a bond, alleged that the action was for conversion; that defendant was about to remove or secrete such sum to defraud his creditors; that there were several unsatisfied judgments against defendant; that, after diligent search, no property subject to levy had been found. On the motion to vacate the attachment, defendant showed that he had borrowed the money so deposited, and had filed with the sheriff a written order directing its repayment if defendant should be entitled to its return. *Held*, that Code Civ. Proc. § 636, subd. 2, providing for the issuance of a warrant of attachment in case defendant has removed or is about to remove property from the state with intent to defraud his creditors, did not authorize the attachment on the facts shown.

Appeal from special term, New York county.

Action by Eliza Rallings against Philip F. McDonald. Motion by defendant to vacate a warrant of attachment. From an order denying the motion, defendant appeals. Reversed.

The action was begun by the personal service of the summons and verified complaint on the 14th day of November, 1901. Two causes of action for conversion are alleged in the complaint. The first is based upon an agreement between the parties under which the plaintiff delivered to the defendant, "as a factor, upon consignment," a quantity of goods to be sold so as "to net plaintiff" the sum of $475, which sum should be the property of the plaintiff, and should be forthwith paid over to her, and that the defendant should have the surplus realized over the agreed value for his compensation, but should return any unsold goods on demand. It is alleged· that a demand has been made for a return of the goods unsold, and for the proceeds of those sold, with which demand the defendant has wholly failed to comply, except that he has paid the plaintiff the sum of $125, and it is averred that the defendant has wrongfully converted the goods and money belonging to the plaintiff to his own use. The second cause of action contains similar allegations with respect to another quantity of goods which were to be sold so as to net the plaintiff an agreed value of $28, and which the defendant failed to return or account for on demand. The answer denies the conversion, and alleges new matter to the effect that the original valuation was reduced by subsequent agreement, and that it is fully offset by expenses payable by and counterclaims owing by plaintiff to the defendant; and a bill of particulars of the counterclaim has been served. The plaintiff obtained an order of arrest on the 17th of January, 1902, which fixed the amount of bail on which the defendant should be held at $400. He was arrested, and discharged on depositing $400 cash as bail. On the 25th day of April, 1902, the defendant substituted for the cash as bail an undertaking executed by himself and an indemnity company. No objection was made to the undertaking or to the sufficiency of the surety, and the defendant applied on notice for an order directing the return to him of the cash deposit. This motion was granted by consent on the 22d of May, 1902. The form of the order was stipulated by counsel, approved by the court, and entered on the day following. On the last-mentioned day the plaintiff, on her affidavit verified the day before, pro-

cured a warrant of attachment, on which the sheriff attached the fund before the necessary countersigned orders were presented to the chamberlain for its payment to the defendant. The affidavit on which the attachment was granted set forth the cause of action substantially as alleged in the complaint; that the defendant had obtained the order for the return of the cash deposit, and that the affiant "is informed and believes that the said defendant is about to remove, dispose of, or secrete said sum of $400 for the purpose of defrauding his creditors, and for the purpose of preventing the execution of any judgment which might be recovered by the plaintiff"; that the grounds of the affiant's belief were facts disclosed by an examination of the judgment dockets of the county of New York, showing several judgments against defendant on which executions have been returned unsatisfied; and that the affiant had been unable to discover, "after diligent search," any property of the defendant subject to levy under execution. The warrant recites that it has been made to appear by affidavit, to the satisfaction of the judge granting it, "that one of the causes of action specified in section 635 of the Code of Civil Procedure exists against the defendant to recover a sum of money only, to wit, the sum of $378, as damages for the wrongful detention of personal property, and the affidavit showing that defendant is about to dispose of certain moneys deposited as bail for the purpose of defrauding his creditors; he having substituted an undertaking for such bail." The defendant's application to vacate the warrant of attachment was made on notice based both on the papers on which the warrant was granted and new affidavits. The defendant's moving affidavits show that he borrowed the money which he deposited as cash bail from one Adolph Gluck, and at the same time delivered to and filed with the sheriff a written order, in the form and acknowledged as provided in section 586 of the Code of Civil Procedure, directing the payment of the money to Gluck in case the defendant should be entitled to its return. The plaintiff, in opposition to this motion, presented further affidavits showing that the amount of unsatisfied judgments of record in New York county against the defendant exceeded $1,200; that the plaintiff's attorney has "caused diligent search to be made," and has been unable to locate the defendant, and has been advised by the sheriff that he has been unable to effect service of the attachment papers on the defendant; that a managing clerk in the office of the attorney for the plaintiff, together with a representative of the sheriff's office, has asked defendant's attorney for defendant's address, but that neither the plaintiff's attorney, nor his managing clerk, nor the sheriff, so far as they are advised by him, has been able to locate the defendant.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

G. H. Mallory, for appellant.
C. J. Hermance, for respondent.

LAUGHLIN, J. The special term appears to have considered the motion on the merits, and held that any defects in the original papers were supplied by the papers presented on the motion to vacate the attachment. The defendant's notice of motion did not specify any irregularity, as required by rule 37 of the general rules of practice, and consequently only jurisdictional defects can be considered. The recital in the warrant of attachment that the action is for "wrongful detention," rather than wrongful conversion, in view of the allegations of the complaint and the warrant on which the affidavit was granted, is an irregularity, and not a jurisdictional defect. King v. King, 68 App. Div. 189, 74 N. Y. Supp. 119.

But the warrant must be vacated on the ground that the papers on which it was granted and on which it is sought to be sustained are utterly insufficient. The only ground on which any attempt

is made to sustain the attachment is under that part of subdivision 2 of section 636 of the Code of Civil Procedure which provides that in a proper case a warrant of attachment may be issued where the defendant, being a resident of the state, "has removed, or is about to remove, property from the state, with intent to defraud his * * * creditors, or has assigned, disposed of, secreted or is about to assign, dispose of, or secrete, property with like intent." An attachment cannot be sustained unless the paper shows by competent evidence the facts required by the provisions of the Code; and mere conclusions of belief, not founded on facts thus shown, are of no avail. Doheney v. Worden, 75 App. Div. 47, 77 N. Y. Supp. 959; Sizer v. Lumber Co., 67 App. Div. 547, 73 N. Y. Supp. 1019; Delafield v. J. K. Armsby Co., 62 App. Div. 262, 71 N. Y. Supp. 14. The only facts stated in the affidavit purporting to meet the requirements of the provisions of the Code quoted are that the defendant has substituted an undertaking for the cash deposited as bail, and obtained an order for the return of the deposit, and that the affiant is "informed and believes that said defendant is about to remove, dispose of, or secrete the same with intent to defraud his creditors." The only grounds assigned for this belief are the judgments on which executions have been returned unsatisfied, a failure to discover, "after diligent search," any property on which an execution against the defendant can be levied, and inability to discover the defendant's whereabouts by inquiry of his attorney, and "diligent search" which the plaintiff's attorney has caused to be made, and the statement of the sheriff to the managing clerk of the plaintiff's attorney of his inability to effect service of the attachment papers on the defendant. It does not appear whether or not appeals are pending from the judgments against the defendant, and the facts "constituting the diligent search" for the defendant, or for property owned by him, are not disclosed. Notwithstanding the deposit, the defendant had a right to give bail, and was entitled to an order that the money be returned to him or his representative. Code Civ. Proc. § 584. The fact that the money deposited in lieu of bail was loaned to the defendant by Gluck, and that the fund was immediately assigned by the defendant to the latter, is not controverted. The deposit having served its purpose in this action, it is to be no longer treated as the property of the defendant as against the true owner. Of course, if the money were left on deposit for the purpose for which it was so received, and it should be required for the satisfaction of a judgment in favor of the plaintiff under the Code provisions applicable thereto, Gluck would have no valid claim against it; but it is no longer required on deposit, and it now presumptively appears that the money was loaned by Gluck, and has been assigned to him by the defendant, and, if so, there is no reason why he should not receive it. Furthermore, the order to the sheriff for the payment of the money was signed and acknowledged in the form expressly authorized by section 586 of the Code of Civil Procedure for the payment of such a deposit to a third party, and presumptively, at least, this would entitle Gluck to the fund. Moreover, it appears by the affidavits of both Gluck and the defendant, which are not controverted, that the defendant is honestly in-

debted to Gluck in this amount for money loaned. The appropriation of property for the payment of an honest obligation is no evidence of an intention to remove, assign, dispose of, or secrete property with intent to delay or defraud creditors.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements to appellant, and motion granted, with $10 costs. All concur.