**(79 Misc. Rep. 434.)**

### BODINE v. BODINE.

(Supreme Court, Appellate Term, First Department.   February 18, 1913.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—ATTACHMENT—AFFIDAVIT.
    Under Municipal Court Act (Laws 1902, c. 580) § 74, subd. 2, which authorizes an attachment if defendant, being a natural person and a resident, has departed or is about to depart from the county with intent to defraud his creditors, affidavits for such an attachment must state facts from which the fraudulent intent may be presumed; a mere conclusion of the moving party unsupported by evidence being insufficient.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

2. COURTS (§ 189*)—MUNICIPAL COURTS—ATTACHMENT—AFFIDAVIT.
    An affidavit insufficient under Municipal Court Act (Laws 1902, c. 580) § 74, subd. 2, as an affidavit for attachment on the ground that defendant has departed or is about to depart from the county with intent to defraud creditors, cannot be sustained as an affidavit for an attachment on the ground of nonresidence, where it states that defendant told affiant that he and his wife were to sail for France, where they expected to take up their residence with her parents, that he exhibited passage tickets, and at that time told affiant that he did not know when he would return to the United States.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

3. COURTS (§ 189*)—MUNICIPAL COURTS—ATTACHMENT—NONRESIDENCE—EVIDENCE.
    On motion to vacate an attachment, evidence *held* to show that defendant was merely a resident sojourning abroad, and not a nonresident.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

4. ATTACHMENT (§ 2*)—STATUTORY PROVISIONS—CONSTRUCTION.
    Statutes authorizing attachment, being in derogation of the common law, must be construed strictly in favor of the attachment debtor.
    [Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 5–7; Dec. Dig. § 2.*]

    Lehman, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by George C. Bodine against M. Harold Bodine. From an order denying a motion to vacate an attachment, defendant appeals. Reversed and attachment vacated.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Strauss, Reich & Boyer, of New York City (Eugene D. Boyer, of New York City, of counsel), for appellant.

William F. Quigley, of New York City, for respondent.

PAGE, J. [1] The attachment was obtained pursuant to the Municipal Court Act (Laws 1902, c. 580), § 74, subd. 2, which recites for a ground for attachment:

"If the defendant is a natural person and a resident of the state, that he has departed or is about to depart from the county where he last resided to a place outside the city of New York with intent to defraud his cred-. itors. * * * "

The affidavits in support of the warrant must state facts from which the fraudulent intent may be presumed and the mere conclusion of the moving party unsupported by evidence is insufficient. Rallings v. McDonald, 76 App. Div. 112, 78 N. Y. Supp. 1040; Dohleny v. Worden, 75 App. Div. 47, 77 N. Y. Supp. 959; Ringler v. Newman, 33 Misc. Rep. 653, 68 N. Y. Supp. 871. The only statement contained in the moving papers which relates to the intent of the defendant is the conclusion at the end of the affidavit of the plaintiff's attorney:

"That defendant has removed all of his property, as deponent is informed and verily believes, and has gone abroad with no intention of returning and with full intention of cheating and defrauding his creditors in this country."

The sources of his information and grounds of his belief do not appear, and no facts are set forth from which such a conclusion could be drawn.

[2] It has been suggested that the warrant might be sustained on the ground that the facts stated disclose that the defendant was a nonresident, although neither in the affidavit upon which the warrant was granted, nor in the brief of counsel, is it specifically claimed that the defendant is a nonresident, nor is the proof of nonresidence in my opinion sufficient to justify the attachment.

The affidavit of the plaintiff is for the most part upon information obtained from his attorney. We must therefore look to the affidavit of his attorney William F. Quigley for the facts showing that the defendant is a nonresident. The only statements contained in it which bear upon the point are:

"That defendant informed deponent that he and his wife were to sail the following morning October 3d for France, where they expected to take up their residence with his wife's parents. He exhibited to deponent at that time passage tickets for his wife and himself on board the steamer La Loraine; that defendant at that time informed deponent that he did not know when he would return to the United States."

[3] As proof of nonresidence, this statement is insufficient, first, because the exact words of the defendant are not quoted, but merely .the conclusion of the deponent from them. It is very probable that the defendant said he expected to stay at his wife's parents' house while in Paris, but we cannot say from this statement alone that he used the word "residence" in its legal sense and declared his intention of becoming a nonresident. Furthermore, the subsequent statement "that he did not know when he would return to the United States"

would rather rebut such an inference. In the second place, these words merely indicate an expression of future intention on the part of the defendant, and there is no statement that he ever carried out this intention and took up a residence abroad. Opposed to it is the affidavit of the defendant's attorney that the defendant informed him he would return in a few weeks and that the defendant has stored his furniture in New York City, and has his mail sent to his attorney's office to be held awaiting his return to New York. The facts seem to fully justify the conclusion that the defendant is merely a resident sojourning abroad, and subject to the provisions for attaching the property of absent residents rather than nonresidents.

Many of the old cases seem to hold that the term "residence" within the meaning of the sections of the Code relating to attachments refers merely to the present place of abode of the debtor irrespective of his intention. In Hanover National Bank v. Stebbins, 69 Hun, 308, at page 309, 23 N. Y. Supp. 529, at page 530, the General Term of this department said:

"The fact that the defendant never acquired a residence in another place, and that he had all the time since 1891 (speaking in 1893) an intention to return and resume housekeeping with his family in this city, would be sufficient to constitute a domicile within the state. But the word 'residence,' as used in section 636 of the Code, means the abode or place where one actually lives, and not one of actual domicile."

Again, in Mayor v. Genet, 4 Hun, 487, the court said:

"The fact that his family may continue to reside within the state and that his home or domicile may be here is not enough under the circumstances shown to render him a resident of the state."

These cases were all decided before 1895 when the last part of section 636 of the Code was added providing as a ground for attachment:

"Where the defendant, being an adult and a resident of the state has been continuously without the state of New York for more than six months next before the granting of the order of publication of the summons against him, and has not made a designation of a person upon whom to serve a summons in his behalf. * * *"

If the rule established by them be correct, and mere place of abode irrespective of intention establishes residence, then very person who leaves the state, however temporarily, becomes eo instante a nonresident and subject to attachment and the above provision for attachment of the property of absent residents is vain and foolish. Granting, however, that mere living abroad is sufficient proof of nonresidence, would not help the case of this attaching creditor, as there is positively no proof in the papers that the defendant has a place of abode in another state, or that he has not a regular place of abode in this state. The only proof in the case is an alleged declaration of intention to become a nonresident at some future time.

[4] The statutes authorizing the attachment of property is a provisional remedy in derogation of the common law. They must be construed strictly in favor of the attachment debtor. Applying this principle, I do not think we can support this attachment upon a mere inference of nonresidence in the face of almost conclusive proof to

the contrary. The facts of this case are not as strong as those in Doheny v. Worden, 75 App. Div. 47, 77 N. Y. Supp. 959, in which the attachment was vacated.

The moving papers are insufficient, and the attachment should have been vacated.

The order appealed from is reversed, with costs, and the warrant of attachment is vacated.

SEABURY, J., concurs.

LEHMAN, J. (dissenting). I agree with Mr. Justice PAGE that there is no evidence that the defendant has left the state or removed his property with intent to defraud creditors. I do not agree with him in his view that such evidence was necessary, or that the attachment was sought or granted upon this ground. The moving papers upon which the attachment was sought do not in terms allege that the defendant is not a resident of the state, but they contain allegations which in my opinion require the inference that he is a nonresident of the state. The principal affidavit is made by the plaintiff himself and sets forth that:

"The defendant above named was a resident of this state * * * prior to the 3d day of October last, on which day as plaintiff is informed by his attorney, William F. Quigley, of 149 Broadway, New York City, and verily believes, the defendant departed from this state of New York for Paris, France, with intent to remain a resident thereof, and not return to the city of New York."

The plaintiff further states in this affidavit that defendant told him that he "was going to Paris, France, with his wife and there take up his residence and start in business, and that he did not intend again to return to this country." The affidavit of William F. Quigley states about the same facts, and also facts from which it is fair to infer that the defendant has carried out his expressed intention. Both affidavits further contain statements of the removal of defendant's property, but, as I read these allegations, their sole purpose is to show that defendant does not reside in this state. The attorney's affidavit concludes with these words:

"That defendant has removed all of his property, as deponent is informed and verily believes, and has gone abroad with no intention of returning, and with full intention of cheating and defrauding his creditors in this country."

This statement is, of course, of no legal effect, consisting merely of conclusions and allegations made on information and belief, and represents, in my opinion, merely the opinion of the deponent that the defendant has left the state with intent to reside elsewhere.

A defendant is amenable to the process of attachment when he has left the state with intent no longer to reside here, even though he may have failed to obtain a domicile elsewhere, and an attachment which is granted upon affidavits stating facts from which the inference of nonresidence must necessarily be drawn is valid, even though the affidavits fail to state explicitly that defendant is a nonresident. Mayor v. Genet, 4 Hun, 487.

The order should be affirmed, with costs.