his contract to repossess himself of the property. The case of Fairbanks v. Nichols, 135 App. Div. 298 [119 N. Y. Supp. 752], seems to be a sufficient authority for holding that in the present case the plaintiff has failed to establish a cause of action, and considerations of justice approve."

The direction of a verdict for the plaintiff, and the judgment entered thereon, should be reversed, and the complaint be dismissed, with costs to the appellant. All concur.

GOTHAM NAT. BANK OF NEW YORK v. MARTIN et al.   (No. 7096.)

(Supreme Court, Appellate Division, First Department.   April 9, 1915.)

ATTACHMENT &⇒25—GROUND—NONRESIDENCE—STATUTE.

On motion to vacate an attachment made on ground of defendants' nonresidence, where it appeared by affidavits that such defendants, husband and wife, had left the country for France nine months previously, the husband having failed in business, they stating at the time they did not know whether they would return or not, there was sufficient proof of nonresidence to sustain an attachment on that ground, under Code Civ. Proc. § 636, providing that, to procure a warrant of attachment, plaintiff must show by affidavit that the defendant is not a resident of this state; the provision of such section that an attachment may be had against a resident defendant who has been continuously without the state for more than six months without designating a person upon whom to serve summons in his behalf having no application to situations where the evidence justifies the presumption that a former residence in the state has been abandoned and a status of nonresidence come to exist.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 61–72; Dec. Dig. &⇒25.]

Appeal from Special Term, New York County.

Action by the Gotham National Bank of New York against Louis Martin and another. From an order vacating an attachment, plaintiff appeals. Order reversed, and attachment reinstated.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

John Ewen, of New York City, for appellant.
Julius Miller, of New York City, for respondents.

HOTCHKISS, J.   In the affidavit of plaintiff's president, verified January 12, 1915, he swore on information and belief that the defendants are nonresidents of this state and resided somewhere in France. His information and belief was founded upon statements made to him by one Wormser, to the effect that the latter had been introduced to him by defendant Louis Martin as the manager of his business and as holding his power of attorney; that on January 8, 1915, Wormser had told him that defendant Louis and defendant Louise, his wife, had sailed for France on April 22, 1914, where they had since been living; and that they had not expressed to him any intention of returning to New York. By the affidavit of one Delenne, an acquaintance of both the defendants, it appeared that they were natives of France, but had resided in this city for some time prior to April, 1914; that Louis had

been in the restaurant business, but that the concern in which he was interested had failed about April, 1914, at which time both defendants had sailed for France, stating to him that they did not know whether they would return or not; and that in fact they had not returned.

It would thus appear that the defendants, under circumstances indicating the absence of any further business interests in this country, had left for their native land more than nine months prior to the date of the affidavits, and at the time of leaving had expressed their doubt as to whether they would ever return. I think, within the authorities, this is sufficient proof of nonresidence. It certainly would have been prior to the amendment to section 636 of the Code in the year 1895 (Laws 1895, c. 578), to which reference is made in Bodine v. Bodine, 79 Misc. Rep. 435, 140 N. Y. Supp. 118, on the authority of which case the court below vacated the attachment. Referring to that amendment, which provides for an attachment against a resident who has been continuously without the state for more than six months without designating a person upon whom to serve a summons in his behalf, the court said that, if the former decisions (Mayor v. Genet, 4 Hun, 487, affirmed 63 N. Y. 646; Hanover Nat. Bank v. Stebbins, 69 Hun, 308, 309, 310, 23 N. Y. Supp. 529; Weitkamp v. Loehr, 53 N. Y. Super. Ct. 79) with respect to what circumstances were evidence of nonresidence were still to be recognized as authority, notwithstanding the above amendment, "then every person who leaves the state, however temporarily, becomes eo instante a nonresident, and subject to attachment, and the above provision for attachment of the property of absent residents is vain and foolish."

I cannot concur in this. I think the amendment relates to cases where there is no doubt of the defendant's continued residence within the state, under which circumstances there necessarily can be no attachment unless there has been an absence of over six months without any designation. The amendment has no application to situations where the evidence justifies the presumption that a former residence in this state has been abandoned and a status of nonresidence has come to exist.

The order should be reversed, with $10 costs and disbursements, the motion to vacate the attachment denied, with $10 costs, and the attachment reinstated. All concur.