BONWIT TELLER, INC., Appellant, *v.* MARY MORRIS, Respondent.

Supreme Court, Appellate Term, First Department, June 19, 1952.

*Frank A. F. Severance* for appellant.

*Samuel Scholer* for respondent.

*Per Curiam.* Concededly plaintiff was not entitled to the attachment on the theory upon which it was applied for and obtained. It contends, however, that the motion to vacate should have been denied because it appeared that defendant was not a resident of New York State. Although the word " resident " as used in subdivision 1 of section 903 of the Civil Practice Act has been held repeatedly to refer merely to temporary sojourn as distinguished from domicile, the same word as used in subdivision 7 of the same section obviously refers to domicile and not to temporary sojourn. Unless subdivision 7 refers to domicile as distinguished from place of temporary sojourn, the subdivision is meaningless. Subdivision 7 provides for an attachment against a resident of this State if he has been absent from the State for more than six months without designating someone to receive service. If mere temporary sojourn outside of the State of a domiciliary of this State is sufficient to entitle a creditor to an attachment under subdivision 1 of section 903, the 1895 amendment (L. 1895, ch. 578) to the Code of Civil Procedure which added the language now embodied in subdivision 7 of section 903 of the Civil Practice Act accomplished nothing.

This was pointed out in *Bodine* v. *Bodine* (79 Misc. 434, 437). Judge PAGE, writing for this court, said: " If the rule established by them [cases decided prior to the amendment] be correct, and mere place of abode irrespective of intention establishes residence, then every person who leaves the state however temporarily becomes *eo instanti* a non-resident and subject to attachment and the above provision for attachment of the property of absent residents is vain and foolish." The dissenting opinion of Judge LEHMAN did not disagree with this reasoning, only with its application to the facts. In the later case of *Gotham Nat. Bank* v. *Martin* (167 App. Div. 271) the Appellate Division declared (pp. 272–273) that the 1895 " amendment relates to cases where there is no doubt of the defendant's continued residence within the State, under which circumstances there necessarily can be no attachment unless there has been an absence of over six months without any designation." The court added (p. 273): " The amendment has no application to situations where the evidence justifies the presumption that a former residence in this State has been abandoned and a status of non-residence has come to exist." The case is thus authority for the proposition that since the 1895 amendment one who has not abandoned his New York

domicile is liable to have his property attached on grounds of nonresidence only if he has been continuously out of the State for more than six months without designating someone to receive service on his behalf. Although the court in *Gotham Nat. Bank* v. *Martin* (*supra*) used the words " I cannot concur in this " (p. 272) after referring to the opinion in *Bodine* v. *Bodine* (*supra*) upon the authority of which the court below had vacated the attachment, it is clear from the language of the court which followed some of which has been quoted above, that the court did not mean to repudiate all that was said in the *Bodine* case. The court definitely stated that under the 1895 amendment one who had not abandoned his " residence " (obviously used in the sense of domicile) in this State was not subject to attachment of his property unless he had been absent from the State more than six months without designating someone to receive service on his behalf.

In the instant case there is no proof at all that the defendant had abandoned her New York domicile. Her designation of a person to receive service, though executed in France, stated that her residence was in New York State. She had continued to pay rent for her apartment in New York City until 1951, shortly before the attachment was applied for. Having filed a designation of someone to receive service on her behalf, and not having abandoned her domicile in this State, as far as the proof shows, her property could not validly be attached under subdivision 1 of section 903 on the ground of nonresidence.

The motion to vacate was timely in view of the provision of section 54 of the New York City Municipal Court Code, expressly authorizing the court to vacate a warrant of attachment " *at any time* " on the ground that the issuance of the warrant was unauthorized. The section goes on to say that " *In all other respects* the motion shall be governed by the provisions applicable to such motions in the Supreme Court." (Italics supplied.)

For the reasons indicated, the order appealed from is affirmed, with $10 costs.

HOFSTADTER, EDER and SCHREIBER, JJ., concur.

Order affirmed.