HEFFRON, APPELLANT, *v.* THOMAS ET AL., RESPONDENTS.

(No. 4,867.)

(Submitted September 12, 1921. Decided October 3, 1921.)

[201 Pac. 572.]

*Attachment—Improper Issuance of Writ—Warranty—Breach.*

Attachment—When Writ may Issue—Determinable from Complaint.
1.   The question whether an action is one in which a writ of attachment may issue under section 6656, Revised Codes, must be determined upon the complaint alone.

Same—Action for Breach of Warranty—Improper Issuance of Writ.
2.   An action by the buyer of an automobile to recover its purchase price with interest thereon from the date of sale because of failure of title in the seller was not one upon a contract for the direct payment of money, and therefore an attachment issued therein was properly dissolved.

*Appeal from District Court, Silver Bow County; Joseph R. Jackson, Judge.*

ACTION by Fred Heffron against George V. Thomas and another. From an order dissolving a writ of attachment plaintiff appeals. Affirmed.

*Mr. Frank L. Riley,* for Appellant, submitted a brief and argued the cause orally. ·

The cause of action set forth in plaintiff's complaint is one upon a contract for the direct payment of money. This court, in the case of *Beartooth Stock Co.* v. *Grosscup,* 57 Mont. 595, 189 Pac. 773, recognized the right of the plaintiff in a case similar to the one at bar to an attachment when it said: "Under statutes somewhat similar to ours, other cases may be found wherein attachments were permitted in actions to recover the purchase price paid, where the consideration failed, or for the recovery of moneys unlawfully converted, *etc.* (See *Suksdorff* v. *Bigham,* 13 Or. 369, 374, 12 Pac. 818; *Hanley* v. *Combs,* 48 Or. 409, 87 Pac. 143; *Reyer* v. *Blaisdell,* 26 Colo. App. 387, 143 Pac. 385; *Peat Fuel Co.* v. *Tuck,* 53 Cal. 304.)"

The California statute (sec. 537, Code Civ. Proc.) permits an attachment in "an action upon a contract, express or implied, for the direct payment of money, where the contract is made or is payable in this state, and is not secured by any mortgage," *etc.;* and the cases of *Peat Fuel Co.* v. *Tuck,* 53 Cal. 304, and *Hamilton* v. *Baker-Hansen Mfg. Co.,* 176 Cal. 569, 169 Pac. 238, are, we respectfully submit, "on all-fours" with the case at bar and uphold our contention herein. "A plaintiff who sues for breach of a contract upon which he has advanced money and received nothing in return may recover as damages the money so paid. This sum is certain and liquidated; as to it an attachment will therefore issue." (*Hamilton* v. *Baker-Hansen Mfg. Co.,* 176 Cal. 569, 169 Pac. 238; *Dunn* v. *Mackey,* 80 Cal. 104, 22 Pac. 64; *Ross* v. *Gold Ridge Min. Co.,* 14 Idaho, 687, 95 Pac. 821; *Beeson* v. *Schoss* (Cal.), 192 Pac. 292.)

*Mr. Harry Meyer,* for Respondent submitted a brief, and argued the cause orally.

Does the complaint state a cause of action? Counsel contend that it is an action for the recovery of the purchase price for breach of a warranty of title. While that may be the amount of damages claimed, we submit under the authorities that it must come within the statute, and that the amount of damages in an action of this kind is not certain or liquidated, but is to be left to be fixed by the jury and is the value thereof to the buyer when he is deprived of its possession, together with any costs which he has become liable to pay in an action brought for the property by the true owner. (See secs. 5103, 6060, Rev. Codes.) Plaintiff alleges a warranty of title which comes within the definition of "warranty." (Sec. 5103, Rev. Codes.) He then alleges that the defendants had no right or title to the property; that Bertha Bronsinke was the true owner and that he was deprived of his possession by Bertha Bronsinke. It is, therefore, evident that all of

his allegations are brought within the statute (sec. 6060), that he must come within this section of the statute in order to state a cause of action, and that the amount of damages to which he is entitled under this statute is the value of the automobile on January 18, 1921, at the time the plaintiff was deprived of possession. This does not mean, as a reading of the statute discloses, that the plaintiff may fix any value upon the automobile at that time or fix his own valuation, but we take it that it means a value at that time having regard to the use of the automobile from the time of the purchase and the condition of the automobile at the time that it was taken from him. The complaint contains no allegation as to the value of the automobile on January 18, 1921, and while the plaintiff alleges the purchase price, still at the same time it is for the court or the jury after the hearing of testimony at the trial of the action to determine the value of the automobile on January 18, 1921. (*Kingsbury* v. *Smith,* 13 N. H. 109; *Brown* v. *Woods,* 3 Cold. (Tenn.) 182; *Dabovich* v. *Emerie,* 12 Cal. 171.) This is in direct line with the decisions of this court showing that it does not state a cause of action for the direct payment of money. (*Ancient Order of Hibernians* v. *Sparrow,* 29 Mont. 132, 101 Am. St. Rep. 569, 1 Ann. Cas. 144, 64 L. R. A. 128, 74 Pac. 197; *Carter* v. *Bankers Ins. Co.,* 58 Mont. 319, 192 Pac. 827.)

The phrase ''direct payment of money'' is defined by *Ancient Order of Hibernians* v. *Sparrow, supra,* as being immediate, express, unambiguous, confessed, absolute, and distinguishes a particular class of contracts for the payment of money from all other contracts for the payment of money, approved in *Beartooth Stock Co.* v. *Grosscup,* 57 Mont. 595, 189 Pac. 773. (See, also, *Tennis* v. *Gifford* (Iowa), 110 N. W. 586.)

MR. JUSTICE COOPER delivered the opinion of the court.

This appeal is from an order of the district court of Silver Bow county dissolving a writ of attachment. From the allega-

tions of the complaint it appears that on the third day of December, 1920, the plaintiff purchased of defendants a seven-passenger Dodge automobile, took it into his immediate possession and paid therefor the agreed price of nine hundred dollars. On the eighteenth day of January, 1921, in an action brought by one Bertha Brosinke in claim and delivery, against the plaintiff, it was taken from his possession by the sheriff of Silver Bow county under process in his hands. It is alleged that the defendants assumed to have the lawful right to sell and to transfer the title and ownership of the automobile, when in.fact they did not have title thereto; and that the plaintiff has been damaged in the sum named. The prayer is for the purchase price and interest from the date of sale. A writ of attachment was issued and levied upon the funds of the defendants, deposited with the First National Bank of Butte.

Appellant insists in argument that the suit was brought
[1] to rescind the executed sale and to recover the purchase price because of a breach of warranty of title. The nature of the action is to be determined upon the complaint alone. (*Kyle* v. *Chester*, 42 Mont. 522, 37 L. R. A. (n. s.) 230, 113 Pac. 749.) By the same token the inquiry into its sufficiency "to sustain the attachment may not go farther than to ascertain whether the action is upon a contract, express or implied, for the direct payment of money." (*Union Bank & Trust Co.* v. *Himmelbauer*, 56 Mont. 82, 181 Pac. 332.) From the com-
[2] plaint it is plain that the transaction involved nothing more than a sale at a stipulated sum, payment and delivery of possession. The warranty implied by law was that the title of the defendants was then good and unencumbered. (Rev. Codes, sec. 5105.) For a breach of warranty of title to personal property, section 6060 of the Revised Codes fixes the damages which may be recovered as "the value thereof to the buyer when he is deprived of its possession, together with any costs which he has become liable to pay in an action brought for the property by the true owner." To this the

plaintiff is limited. As set forth in the complaint, the transaction was not an agreement by which was acknowledged an unconditional obligation to repay to plaintiff the purchase price of the machine, with interest from date of sale—in other words, a contract, express or implied, for the direct payment of money, upon which an attachment is authorized by the provisions of section 6656 of the Revised Codes. (*Ancient Order of Hibernians* v. *Sparrow,* 29 Mont. 132, 101 Am. St. Rep. 563, 1 Ann. Cas. 144, 64 L. R. A. 128, 74 Pac. 197; *Beartooth Livestock Co.* v. *Grosscup,* 57 Mont. 595, 189 Pac. 773; *Carter* v. *Bankers' Ins. Co.,* 58 Mont. 319, 192 Pac. 827.)

The order appealed from is affirmed.

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, HOLLOWAY and GALEN concur.

Rehearing denied November 7, 1921.