No. 13752

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

STATE ex rel. ROBERT E. SULLIVAN,

        Relator and Appellant,

   -vs-

STATE OF MONTANA, TEACHERS'
RETIREMENT BOARD, et al.,

        Respondents and Respondents.

---

Appeal from:  District Court of the First Judicial District,
           Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

    For Appellant:

        Boone, Karlberg and Haddon, Missoula, Montana
        Sam E. Haddon argued, Missoula, Montana

    For Respondent:

        J. Michael Young argued, Helena, Montana

    For Amicus Curiae:

        Louis Forsell argued, Helena, Montana

---

                Submitted:  September 29, 1977

                  Decided:  NOV 1 5 1977

Filed: NOV 1 5 1977

*Thomas J. Kearney*
                          Clerk

Mr. Chief Justice Paul G. Hatfield delivered the Opinion of the Court:

Appellant appeals from an order of the District Court, Lewis and Clark County, dismissing his petition for judicial review and affirming a decision of the Montana Teachers' Retirement Board denying him retirement credit for out-of-state teaching service.

Appellant, Robert E. Sullivan, is Dean of the University of Montana School of Law. He was previously employed as a faculty member of Notre Dame University from September 1947 to September 1954. In 1954, he moved directly from Notre Dame University to the University of Montana School of Law faculty. In 1976, while a member of the Montana Teachers' Retirement System, appellant applied for seven years credit in the retirement system on the basis of his Notre Dame teaching service. He tendered back contribution payments as required by section 75-2705(9), R.C.M. 1947, to respondent Montana Teachers' Retirement Board (hereinafter referred to as the Board). At an April 12, 1976, meeting, the Board denied appellant's application and thereafter returned his cashier's check for back retirement contribution payments. The Board based its denial on its decision that section 75-2705(9), R.C.M. 1947, in effect in 1954 when appellant became a member of the Montana Teachers' Retirement System, allowed retirement credit only for teaching service in out-of-state public schools, to the exclusion of service performed in out-of-state private schools such as Notre Dame University.

Appellant then brought an action in district court to require the Board to allow him to purchase credit toward retirement benefits in the Teachers' Retirement System for his out-of-state teaching service. Counsel stipulated the case be submitted for final decision

- 2 -

on the law question as if it were a judicial review of the Board's denial of teaching credit. The District Court issued a "MEMORANDUM OPINION AND ORDER" dismissing the petition for judicial review and affirming the decision of the Board.

The determinative issue presented on appeal is whether section 75-2705(9), R.C.M. 1947, as applicable in 1954 when appellant became a member of the Montana Teachers' Retirement System, allows a member to receive credit for teaching in out-of-state private schools.

In Montana, retirement benefits in the teachers' retirement system are a matter of contract right. The terms of the teachers' retirement benefit contract in Montana are determined by the controlling provisions of the teachers' retirement system statute in effect at the time the teacher becomes a member of the Montana Teachers' Retirement System. "These sections of the statute become part of the teacher's contract." Clarke v. Ireland, 122 Mont. 191, 199, 199 P.2d 965 (1948).

When appellant joined the Montana Teachers' Retirement System in 1954, section 75-2705(9), R.C.M. 1947, set forth the conditions by which a teacher entering the system could receive credit for out-of-state teaching service. That portion of section 75-2705(9), as it was in effect in 1954, relevant to this appeal, provided:

> "Any teacher who has become employed as a teacher
> in Montana * * * may receive credit for service for
> out-of-state teaching employment provided * * *
> [he makes certain contributions required by the
> statute]." (Bracketed material paraphrased.)

Section 75-2705(9) controls this case, because no other section of the Montana Teachers' Retirement Act, as it was in effect in 1954, spoke to creditable service for out-of-state teaching.

On its face section 75-2705(9) appears to be perfectly clear. To receive credit in the Montana Teachers' Retirement System for out-of-state teaching service, section 75-2705(9) merely required that the applicant teacher, who has become employed as a teacher in Montana, has performed out-of-state teaching service and made the required contributions into the retirement fund. Appellant, as Dean of the law school, is a teacher in Montana who performed out-of-state teaching service at Notre Dame University and made the statutorily required contributions into the retirement fund.

Respondents assert the legislative intent behind section 75-2705(9) can be determined only by examining the teachers' retirement act in its entirety. Respondents contend that, in passing the act, the Montana legislature established a benefit for public school teachers with no regard for teachers in private institutions. The definitions of "teacher", "service", "employer", and "membership" in section 75-2701/all spoke to public school employees. R.C.M. 1947, Respondents conclude the section 75-2701(4) definition of teacher as "* * * any teacher in the public elementary and high schools of the state, and the university of Montana * * *" must be used to define what "teacher" may qualify for out-of-state teaching credit under section 75-2705(9). Respondents conclude that appellant cannot meet the statutory definition of "teacher" for his service at Notre Dame University. We disagree.

Respondents are correct in their assertion that the teachers' retirement act must be construed as a whole. Because the legislature did not pass section 75-2705(9) apart from the remainder of the act, this Court cannot literally construe that section in a manner inconsistent with the legislative intent expressed throughout the teachers' retirement act.

- 4 -

"* * * legislative intent cannot be determined from the wording of any particular section or sentence, but rather must come from a consideration of the Act as a whole."
State ex rel. Jones v. Giles, 168 Mont. 130, 134, 541 P.2d 355 (1975).

However, examining the act as a whole as it was in 1954, we cannot say that the pervasive intent of the legislature was to preclude retirement system members from receiving credit for out-of-state teaching service in private schools. The statute was undoubtedly enacted for the purpose of benefiting Montana public school teachers to the exclusion of private school teachers. No teacher in a private school could ever meet the statutory definition of "teacher" in section 75-2701(4) and qualify for benefits in the retirement system until he became a teacher in the public schools of this state. Once an individual became a Montana public school teacher, section 75-2705(9) controlled whether he received credit for out-of-state teaching service.

To qualify for out-of-state teaching service credit, section 75-2705(9) required the applicant to be "Any teacher who has become employed as a teacher in Montana * * *". (Emphasis added.) Teachers covered by the statute were teachers in the public schools "of the state". Section 75-2701(4). The second use of the term "teacher" in section 75-2705(9) was clearly used in its statutory sense. One must be employed as a public school teacher in Montana before he was eligible for out-of-state retirement credit in the Montana Teachers' Retirement System.

Just as clearly, however, the first use of the word "teacher" in section 75-2705(9) could not have been used as statutorily defined without rendering the section a nullity. Before becoming employed as a teacher in this state, no individual could meet the statutory definition of "teacher" because he is not then a teacher of the state of Montana. No out-of-state credit could be

given any teacher, public or private, if the statutory definition were applied to the first use of the word "teacher". The first use of the word "teacher" in section 75-2705(9) must be the commonly understood definition--that is, one who teaches or instructs others--since a meaning different from the statutory definition "* * * is plainly required by the content." Section 75-2701,R.C.M. 1947.

Respondents argue that interpreting section 75-2705(9) as allowing retirement credit for out-of-state teaching service in public and private schools alike "would create a grave disparity in the benefits afforded teachers transferring into the Montana [public] school system from private schools" within Montana. No section of the act allowed creditable service for other than public school teaching within the state of Montana.

The legislature did not incorporate into the act a section expressing legislative policy. We do not have the benefit of the legislative debate which preceded enactment of the statute. We can, therefore, only hypothesize as to the legislative intent for the enactment of section 75-2705(9). Logically, it would seem that a subsection which provided retirement credit for out-of-state teaching service was enacted to attract qualified teachers from outside the state into the Montana public school system. See: Driggs v. Utah State Teachers Retirement Board, 105 Utah 417, 142 P.2d 657, 663 (1943). That purpose would indeed best be served by providing attractive retirement benefits to qualified out-of-state private school and public school teachers alike.

Out-of-state teachers entering the state public school system did not have this opportunity to purchase retirement credit for their out-of-state teaching service until the legislature amended

the teachers' retirement act in 1949 with the addition of section 75-2705(9). Whether by oversight or by design, the act was not further amended to provide Montana private school teachers with a similar opportunity to purchase retirement credit when they entered the state public school system. It is irrelevant what value judgment we place on the equities of the resultant distinction between the opportunities for private in-state and private out-of-state teachers to purchase retirement credit for their private school teaching service when they enter the Montana Teachers' Retirement System.

It is this Court's function to ascertain the legislative intent behind section 75-2705(9) and not to substitute therefor our own discretion or conception of what might have been more equitable. General Finance Co. v. Powell, 112 Mont. 535, 540, 118 P.2d 751 (1941). Rather, the benefits under the teachers' retirement plan are determined by the express provisions of the statute. The plain meaning of section 75-2705(9) was to provide credit for out-of-state teaching service, without distinction between out-of-state service in public or in private schools.

Respondents argue that, despite its apparent plain meaning, the fact that section 75-2705(9) did not expressly refer to private school service creates an ambiguity as to whether the legislature intended the subsection to allow retirement credit for out-of-state private school teaching. Respondents assert that unsuccessful House Bills No. 301 and No. 589, introduced in the 1975 legislature to allow retirement credit for teaching in private schools, signified that the legislature at least impliedly approved respondent Board's interpretation of section 75-2705(9). Respondents claim the Board has consistently interpreted section 75-2705(9) as disallowing credit for out-of-state private school

teaching, and that this Court should respect this interpretation of an act which the Board has been empowered to enforce and administer.

These arguments of respondents are likewise without merit. The unsuccessful house bills were introduced in 1975, in an attempt to amend not section 75-2705(9), but its replacement section 75-6213, R.C.M. 1947. The latter section enacted in 1971, expressly limits retirement credit for out-of-state teaching to service in public schools, and is therefore substantially different from its predecessor section 75-2705(9). It is illogical to assume the failure of the bills indicated legislative approval of the Board's interpretation of section 75-2705(9), rather than merely ill-fated attempts to amend the then existing law, section 75-6213.

Even assuming the Board has consistently interpreted section 75-2705(9) to disallow retirement credit for private out-of-state teaching service, this Court is not bound by that administrative interpretation. State v. Toomey, 135 Mont. 35, 44, 335 P.2d 1051 (1958). While it is true the Board's construction of the statute is entitled to respectful consideration by this Court:

> "* * * It is likewise true that when such practice is erroneously * * * established it is without persuasive effect." State ex rel.City of Butte v. Healy, 105 Mont. 227, 233, 70 P.2d 437 (1937).

In this case, the Board's interpretation of a statute contrary to the plain meaning of its terms will not be adopted by this Court. Section 75-2705(9), R.C.M. 1947, as in effect in 1954, allowed any teacher in the Montana State Teachers' Retirement System to receive credit for "out-of-state teaching employment." The legislature did not restrict the credit to public

out-of-state teaching service, and we will not now judicially create such a restriction.

> "* * * Where the language of a statute is plain, unambiguous, direct and certain, the statute speaks for itself and there is nothing left for the court to construe. [Citing cases.] The function of the court is simply to ascertain and declare what in terms or in substance is contained in the statute and not to insert what has been omitted." Dunphy v. Anaconda Co., 151 Mont. 76, 80, 438 P.2d 660 (1968).

Appellant met each and all of the section 75-2705(9) requirements to purchase retirement credit. First, he is a "teacher". Second, he has been "employed as a teacher in Montana". Third, he performed "out-of-state teaching employment". Fourth, he made the contributions to the retirement fund which were required by statute. No other requirements were present in section 75-2705(9) and none can be implied.

The order of the district court is reversed and the Board is ordered to accept appellant's contributions into the retirement fund and to give appellant retirement credit for his out-of-state teaching service.

_____
Chief Justice

We Concur:

_____

_____

_____

_____
Justices.